■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 27, 1983, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of December 29, 1982, shortly after Police Officers Richard Coffey and Lawrence Hilstorf left the scene of a shooting in search of a suspect, they spotted the defendant crouched down alongside the passenger side of a parked vehicle in a desolate area approximately six blocks away. As they approached the defendant, he began to walk away briskly. While turning a corner the defendant threw a small black object to the ground. The officers twice ordered him to stop and received no reply. Officer Hilstorf exited the police vehicle, walked in front of the defendant, ordered him to stop, and brought him back to the police vehicle, where he was detained by Officer Coffey while Officer Hilstorf retrieved the dropped item. Upon discovering the item to be a black, small caliber automatic weapon, Officer Hilstorf directed Officer Coffey to hold the defendant. A brief struggle ensued and the defendant was arrested. A frisk search revealed one round of live ammunition in each of the defendant's two jacket pockets. The defendant was read his *Miranda* warnings and responded in the affirmative to each. When questioned about

the shooting, the defendant replied, "Yeah, I shot him because he was gonna shoot me". En route to Elmhurst General Hospital for a showup identification, the defendant volunteered that he and the victim had argued the previous night and threatening remarks were exchanged.

We find the police officers' initial approach, subsequent pursuit and apprehension and eventual discovery of the gun to be lawful activity in that their degree of intrusion properly graduated as their level of suspicion and belief increased (see, People v Leung, 68 NY2d 734; People v Medina, 107 AD2d 302). The defendant's statements were offered following a lawful arrest and need not be suppressed.

Additionally, in light of the degree of exploration into the complainant's prior acts which the trial court permitted the defendant, precluding the defendant from probing into the underlying fact of the complainant's most recent arrest was not reversible error. Not every error which improperly curtails a defendant's right to cross-examine a prosecution witness is per se reversible error (see, People v Allen, 50 NY2d 898).

Further, we find the evidence legally sufficient to support the jury's verdict of assault in the first degree (see, People v Rojas, 61 NY2d 726).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.