■ In the Matter of DIONE JAMEL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to the Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated December 15, 1987, which, upon a fact-finding order dated November 18, 1987, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him on probation for one year, and (2) an order of the same court, dated June 13, 1988, which, upon a fact-finding order dated May 10, 1988, finding that the appellant had violated his probation, placed him with the Division of Youth, Title II, for a period of one year. The appeals bring up for review the denial, after a hearing, of that branch of the appellant's motion which was to suppress physical evidence.

Ordered that the orders are affirmed, without costs or disbursements.

The testimony adduced at the *Mapp* hearing supports the Family Court's denial of suppression of physical evidence. Police Officer Hines, the only witness at the hearing, testified that on February 13, 1987, he was assigned to a "special post" in Jamaica, Queens, designed "to show presence and to prevent anyone on the streets from [making] drug or gun sales". At approximately 1:25 P.M., while standing at the corner of 108th Avenue and 160th Street, he heard two gunshots. He took cover behind a car and observed a cloud of smoke coming from the roof of a building at the corner of 108th Avenue and 159th Street. As he started toward the building to investigate, he was passed by people hurriedly leaving the area of the building, who stated that someone was shooting a gun. When he turned the corner and approached the entrance of the building on 159th Street, he observed the appellant and two other youths in the doorway. One of the other youths pointed at the officer, who was in uniform, and all three fled in different directions. The officer pursued the appellant and reported the direction of the chase over his portable radio. After only a few minutes, during which time the officer never lost sight of the appellant, two uniformed housing police officers apprehended the appellant and placed him against a

wall, facing the wall, with his hands over his head. Officer Hines quickly caught up and patted the appellant's outer clothing. He noticed a bulge in the appellant's right front pants pocket which he believed to be bullets. Upon removal of the objects from the pocket, the officer discovered 10 vials of the drug known as "crack".

We agree with the hearing court that, under these circumstances, the officer reasonably suspected that the appellant had committed, was committing or was about to commit a crime and was therefore justified in stopping and frisking him *(Terry v Ohio,* 392 US 1; *People v Rivera,* 14 NY2d 441). The appellant's immediate flight from the approaching uniformed officer, together with his presence at the building where a gun had just been fired, and the fact that he, unlike others in the area, did not flee the gunfire, provided a sound legal basis for the officer's action *(see, People v Leung,* 68 NY2d 734; *People v Hill,* 127 AD2d 144, *appeal dismissed* 70 NY2d 795; *People v Greaves,* 123 AD2d 445, *lv denied* 69 NY2d 712). Contrary to the appellant's contention, it was not unreasonable for the officer to believe that the appellant could have descended from the roof of the five- or seven-story building in the time that it took the officer to get to the building. Under the circumstances, a reasonably prudent person would have been warranted in the belief that his or her safety or that of others was in jeopardy *(see, Terry v Ohio, supra,* at 27). Thus, the limited patdown was properly undertaken to allay the officer's fear of violence and to permit the officer to continue his investigation of the gunshots.

We further agree with the Family Court that the officer properly removed what he reasonably believed to be bullets in the appellant's pocket. Possession of bullets by anyone under 16 years of age is a basis for a juvenile delinquency adjudication *(see,* Penal Law § 265.05). Therefore, such possession by the 12-year-old appellant would have been illegal. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.