■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNIE SLOAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered August 7, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The testimony adduced at the *Mapp* hearing supports the Supreme Court's denial of suppression of physical evidence. Police Officer Mark Garry testified that on May 24, 1988, he and his partner were in an unmarked police vehicle in plainclothes when at approximately 1:00 A.M., Officer Garry heard one gunshot. Garry and his partner drove towards the location where they had heard the sound and asked a couple of

passersby if they heard the shot. The couple pointed to a group of approximately five males. As Officer Garry exited the vehicle and stated, "Hey guys", the defendant fled. As the officers pursued the defendant, the defendant threw a handgun into the front yard of a house. The defendant was apprehended and the gun was recovered.

Contrary to the defendant's contention, the Supreme Court properly denied suppression of the gun recovered during the police pursuit. The sound of a gunshot, information from civilians that the shot had come from the direction of the defendant, and the defendant's immediate flight from the approaching officer gave rise to a reasonable suspicion sufficient to justify the police to pursue and to stop and detain the defendant (see, CPL 140.50 [1]; *People v Leung,* 68 NY2d 734; *People v De Bour,* 40 NY2d 210; *People v Wider,* 172 AD2d 573; *People v Jackson,* 172 AD2d 561; *Matter of Dione Jamel M.,* 149 AD2d 421; *People v Wilson,* 137 AD2d 570). The gun, which was abandoned by the defendant while he was being pursued, was properly seized as its abandonment and recovery were not the result of any unlawful police action. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.