■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 15, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the Supreme Court erred in denying suppression of the gun which he discarded while being pursued by the police. After hearing 10 or 12 gunshots fired within Putnam Park in Brooklyn, New York City Police Officer John Brocato observed the defendant, who appeared to be concealing an object by holding his arm close to his waist, and another individual, walking quickly towards a park exit. However, Brocato's partner was present at street level near the exit which the defendant intended to use, and was questioning other persons who had fled the scene. The defendant and his companion then reversed their direction and fled back into the park. Brocato pursued the men, and when they split up, he continued to follow the defendant who again reversed direction and ran past the police officer. The defendant then removed a silver handgun from his waist and dropped it into a trash can. Brocato

apprehended the defendant, on a nearby street, and then recovered the gun.

The sounds of the gunshots in conjunction with Officer Brocato's observations of the defendant, including the defendant's flight, gave rise to a reasonable suspicion to justify the officer's pursuit (see, People v Leung, 68 NY2d 734; People v Sloan, 178 AD2d 624; People v Wider, 172 AD2d 573; Matter of Dione Jamel M., 149 AD2d 421; CPL 140.50 [1]). The gun, having been discarded by the defendant while being pursued, was properly seized as its abandonment and recovery were not the result of any unlawful police action.

The defendant's remaining contention is unpreserved, and is, in any event, without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.