■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GILL, Appellant. [637 NYS2d 45] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered April 12, 1995, convicting defendant, after a jury trial, of attempted robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and $3^1/_2$ to 7 years, respectively, unanimously modified, on the law, to the extent of vacating the conviction of criminal possession of a weapon in the third degree and dismissing that count, and otherwise affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Defendant's motion to suppress physical and identification evidence was properly denied upon evidence that the officers heard shots and were directed to a specific building, which justified their approach of the building with guns drawn, and that defendant, who was observed by the officers in apparent flight from the building under suspicious circumstances, responded with evasive movement after being told by the officers not to move, which justified the protective frisk that uncovered the gun (see, People v Sloan, 178 AD2d 624, lv denied 79 NY2d 953).

Giving due deference to the jury's findings of credibility (People v Bleakley, 69 NY2d 490, 494-495), the evidence of defendant's shared intent to commit the attempted robbery was overwhelmingly proved and the verdict was not against the weight of the evidence.

The prosecutor's improper reference in her opening statement to the role played by an "inside" man who was not called as a witness and as to which no other evidence was adduced, and the improper introduction of hearsay testimony concern-

ing this person's statements to the complainant, were harmless errors. There was no error, however, in allowing testimony establishing that this person had been at the scene of the robbery that afternoon, which only completed the narrative explaining why cash was kept at the location of the robbery attempt and establishing the use of security measures.

The weapon conviction must be reversed. The indictment charged defendant only with possession of a loaded weapon under Penal Law § 265.02 (4). Although the Grand Jury report was not part of the indictment and is not binding in that sense, it indicated that defendant was being charged under Penal Law § 265.02 (1), which enhances simple misdemeanor possession, defined as criminal possession in the fourth degree, to the third degree of the offense when the defendant has a prior conviction of any crime. Had this theory been submitted to the jury, the conviction would have to be reduced to the fourth degree since no prior conviction was established (*People v Minnis*, 101 AD2d 739). However, the trial court, concluding that the indictment should have referred to section 265.02 (4), submitted to the jury the theory that defendant possessed a loaded firearm. This was not only an impermissible amendment of the theory charged in the indictment, whether it be characterized as a correction or as a supplementation by omitted accusatory language, but also, more significantly, a jurisdictional defect requiring dismissal of the charge since the additional element set forth in section 265.02 (4)—that the weapon not be possessed in the defendant's home or place of business—was neither pleaded (*People v Newell*, 95 AD2d 815) nor proved (*People v Rodriguez*, 68 NY2d 674).

We have considered defendant's remaining contentions, including his speedy trial claim, and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.