■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered September 28, 1981, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The police responded to a radio run indicating a black male had a gun at a specified location in a particular model and color vehicle with a specific license plate number. Upon arriving at the scene, the officers observed the defendant and another man seated in a vehicle that matched that description. Approaching with their guns drawn, the police asked the men to exit the vehicle. As the defendant emerged from the vehicle, one of the officers observed a bulky object in his vest pocket. Fearing for his safety, the officer conducted a pat-down frisk, but was unable to determine whether or not the object was a weapon. At that point he reached in and removed the object from the defendant's pocket, which turned out to be a open change purse filled beyond capacity with 85 tinfoil packets of cocaine. Under the circumstances, the actions of the police officer, who upon responding to a report of a man with a gun, was unable to determine from an external frisk

whether the object in the pocket of the defendant was a weapon, did not constitute an unreasonable intrusion into the defendant's privacy *(see, People v De Bour,* 40 NY2d 210). Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.