■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MANN, Also Known as DWIGHT MANN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 11, 1986, convicting him of two counts of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from him.

Ordered that the judgment is affirmed.

On February 12, 1986, the arresting officer and three other uniformed Housing Police officers observed the defendant and another male through the window of a well-lighted hallway in a city housing project. On the window sill between the two males was a brown paper bag. The area was known to be the location of many drug sales. Upon noticing the uniformed officers, the two males stepped back from the window and appeared to hide behind a wall. At the initial approach of the officers, the defendant grabbed the brown paper bag and proceeded to run up the stairs towards the roof. After pursuing the two males and catching up to them in the third-floor hallway of the project, the arresting officer asked them

whether they lived in that building. Upon receiving a negative response, the officer inquired as to what the defendant had in his hand. The defendant unclenched his left fist to reveal two plastic envelopes containing a white substance which the officer, based upon his experience, believed to be the drug known as "crack". At that point, the defendant was arrested and frisked for weapons. The defendant had in his possession $99 and the brown paper bag which held approximately 140 plastic bags containing a white substance.

The defendant pleaded guilty to two counts of criminal possession of a controlled substance in the fourth degree in satisfaction of two pending indictments. On the instant appeal, the defendant contests the hearing court's denial of his motion to suppress the seizure of the controlled substance.

It is well settled that the degree of permissible police action is directly proportionate to the degree of objectively credible information possessed by the police *(People v Scruggs,* 90 AD2d 520). Moreover, "various intensities of police action are justifiable as the precipitating and attendant factors increase in weight and competence" *(People v De Bour,* 40 NY2d 210, 223).

The instant case presents a situation in which the level of police intrusion constituted an appropriate response to the observations and perceptions of the arresting officer. The furtive and evasive movements of the defendant and his companion as viewed through a window of a housing project renowned for drug activity, their possession of a brown paper bag and the fact that the aforesaid conduct occurred after the two males observed the uniformed police officers constituted, at the least, the objective credible reason necessary to support the intrusion attendant upon a police officer's approach of a citizen. When coupled with the defendant's grabbing the brown paper bag and his immediate flight upon the officer's approach, these circumstances established the requisite reasonable suspicion that the defendant had committed, or was about to commit a crime, such that pursuit by the officer was justified *(see, People v Leung,* 68 NY2d 734, 736). Once the defendant revealed his possession of the plastic envelopes containing a white substance which the experienced officer believed to contain crack, the officer had probable cause to effect an arrest.

The determination of the hearing court which had the opportunity to assess the demeanor of the witness and to weigh his testimony first hand is entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Overton,* 123

AD2d 403, *lv denied* 68 NY2d 1003). On this record, it cannot be said that the hearing court erred in crediting the testimony of the arresting officer and in denying suppression of the evidence seized. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.