■ The People of the State of New York, Respondent, v Arenzo McEachin, Also Known as Alondo Brown, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered January 27, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing (Feldman, J.), of the defendant's motion to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court correctly determined that his arrest was lawful and that the loaded revolver recovered from him, as well as his inculpatory statement, would have been admissible had he decided to stand trial. Two uniformed officers observed the defendant

following another pedestrian on a deserted Brooklyn street near midnight. When he realized that he was being observed, he entered the lobby of an apartment building only to exit moments later. Upon his reemergence, the officers exercised their common-law right of inquiry *(see, People v De Bour,* 40 NY2d 210; *People v Medina,* 107 AD2d 302). During their brief exchange, which was not accompanied by a show of force, Officer Jones observed a homemade wire holster draped over the defendant's belt, extending into his pants. Simultaneous therewith, Officer Drouin noticed a bulge inside the defendant's pants. These observations constituted reasonable suspicion that the defendant might be armed, thereby justifying the ensuing frisk *(see, People v Samuels,* 50 NY2d 1035, *cert denied* 449 US 984). Upon discovery of a loaded .32 caliber revolver on the defendant's person, probable cause clearly existed to effect his arrest. Since the defendant's arrest was not improper, there was no need to suppress this evidence or his subsequent spontaneous inculpatory statement *(see, People v Francis,* 139 AD2d 527, *lv denied* 72 NY2d 859).

Nor do we find the testimony of the arresting officers incredible as a matter of law. Testimonial inconsistencies existed in both the People's case and that of the defense. Having had the advantage of hearing and seeing the witnesses first hand, the hearing court's determination is to be accorded much weight on appeal *(see, People v Prochilo,* 41 NY2d 759), and it should be upheld unless it is clearly erroneous *(see, People v Singletary,* 135 AD2d 757). Inasmuch as the hearing court's determination herein is supported by the record, it should not be disturbed on appeal *(see, People v Norris,* 122 AD2d 82, *lv denied* 68 NY2d 916). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.