■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CURTIS MACK, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Sherman, J.), dated October 4, 1988, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The relevant facts adduced at the suppression hearing disclose that on December 10, 1987, at approximately 3:50 A.M., Housing Police Officer Matthew Vadjinia, while patrolling in a radio motor patrol vehicle in the vicinity of a playground known as a location for drug activity where he had over the course of the previous year and one half made 10 to 15 arrests involving narcotics, observed the defendant and another male make an exchange of money for an unknown substance. Officer Vadjinia continued to observe the defendant for another three to five minutes as he spoke with two or three other males. The officer noticed that the defendant was "continually grabbing a bulge in his left side of his jacket". Officer Vadjinia did not otherwise describe the bulge. The officer radioed for assistance and then approached the defendant stating he wanted to speak to him. The defendant immediately fled. The officer pursued the defendant on foot while his partner followed in a patrol vehicle. After about three blocks, Officer Vadjinia managed to stop the defendant, whereupon the defendant reached into his left jacket pocket where the officer had observed the bulge. The officer drew his service revolver and ordered the defendant to remove his hand from his pocket and put his hands against a wall. A search of the defendant produced a loaded .38 caliber revolver and eight vials of crack cocaine.

The Supreme Court erred in granting suppression of the physical evidence recovered from the defendant. The defendant's conduct in a location known for drug activity in the early hours of the morning provided the necessary "objective

credible reason" to warrant the officer's approach to the defendant in a noncoercive fashion in order to exercise the common-law right of inquiry *(see, People v Carrasquillo,* 54 NY2d 248, 249; *People v De Bour,* 40 NY2d 210). The defendant's precipitous flight upon the approach of the police coupled with the officer's other observations gave rise to a reasonable suspicion that the defendant had committed or was committing a crime so as to warrant the greater level of intrusion inherent in pursuit by the police *(see, People v Leung,* 68 NY2d 734, 736; *People v Kosciusko,* 149 AD2d 620; *People v Mann,* 143 AD2d 200). Moreover, when Officer Vadjinia observed the defendant reaching toward the bulge in his pocket, the officer was justified in conducting a limited patdown search of the defendant to allay his fears for his own safety *(see, e.g., Terry v Ohio,* 392 US 1, 27; *People v Rivera,* 14 NY2d 441; *Matter of Dione Jamel M.,* 149 AD2d 421; *People v Jones,* 138 AD2d 746). Probable cause to arrest the defendant existed upon the discovery of a firearm and the crack cocaine upon his person. Accordingly, the physical evidence was not obtained as a result of illegal police conduct and the hearing court erred in granting suppression. Thompson, J. P., Lawrence and Eiber, JJ., concur.

Brown, J., dissents, and votes to affirm the order appealed from, with the following memorandum: I conclude, as does the majority and as did the hearing court, that Housing Police Officer Vadjinia's observations at a location known for drug activity in the early morning hours provided him with the "objective credible reason" necessary to warrant the exercise of his common-law right of inquiry *(see, People v Carrasquillo,* 54 NY2d 248, 249; *People v De Bour,* 40 NY2d 210, 223). However, after according the hearing court's determination the "great weight" to which it is entitled *(see, People v Gee,* 104 AD2d 561), I am of the view that the hearing court correctly found that the defendant's action in exercising his constitutional right not to respond to the officer's inquiry and to take flight did not provide the missing element of reasonable suspicion that the defendant was engaged in criminal activity to justify pursuing the defendant. "[W]here, as here, there is nothing to establish that a crime has been or is being committed, flight, like refusal to answer, is an insufficient basis for seizure or for the limited detention that is involved in pursuit" *(People v Howard,* 50 NY2d 583, 592). Accordingly, I vote to affirm.