■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE RESTREPO, Also Known as HERNAN DARIO PEREZ, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Leahy, J.), both rendered July 12, 1989, convicting him of manslaughter in the first degree under Indictment No. 2061/88, and criminal possession of a weapon in the third degree under Indictment No. 4831/88, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Prior to entering his pleas of guilty, the defendant moved to suppress the gun in question as the product of an illegal search and seizure. At the *Mapp* hearing, Detective Angelo Garcia testified that on March 18, 1988, at approximately 8:30

P.M., he received an anonymous telephone call that a male, approximately five feet, nine inches to six feet tall, wearing a jacket with a green back, a white front, and a blue hood, was standing on the corner of 93rd Street and 37th Avenue in Elmhurst, Queens, and carrying a gun. Based on his experience, Detective Garcia knew the northeast corner of this intersection to be the site of narcotics-related activity. Immediately after receiving the call, Detective Garcia and his partner responded to the location, and not seeing anyone on the northeast corner entered the restaurant which was located there and was open for business. The two officers observed the defendant, the only person in the restaurant to match the description, sitting by himself at a table inside. Detective Garcia approached the defendant, identified himself as an officer, and asked the defendant to accompany him outside for the purpose of the officers' own safety. Once outside Detective Garcia observed a bulge in the defendant's waistband. He then conducted a pat-down search, felt what he thought to be a gun, and reached under the defendant's jacket and retrieved a revolver.

In light of the testimony that was found to be credible by the hearing court, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. Under these circumstances, the detective's independent observations in the vicinity of the reported location corroborated the very detailed description furnished in the anonymous phone call, in conjunction with the fact that it was nighttime in an area known to be the site of narcotics-related transactions, gave the detective sufficient cause to interfere with the defendant so as to secure the safety of the officers and others in the restaurant (see, People v Salaman, 71 NY2d 869; People v Benjamin, 51 NY2d 267; People v De Bour, 40 NY2d 210). The detective's belief that the defendant was armed was further justified after he observed the waistband bulge, and a frisk for weapons was permissible (People v De Bour, supra at 221; People v Milton, 115 AD2d 666).

The sentences imposed were not excessive. Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.