■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered May 30, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

A police officer may approach a private citizen for the purpose of requesting information as long as there is some "objective, credible reason" for the intrusion (People v Hollman, 79 NY2d 181, 185; People v De Bour, 40 NY2d 210). In this case, the defendant and a companion were standing on a stairwell of an apartment building which had been the site of criminal activity when, upon the officer's entry into the building, the defendant's companion ran away. These factors, plus the officer's prior familiarity with the defendant, provided the officer with the necessary "objective credible reason" to warrant his approach to the defendant in a noncoercive fashion in order to request information (see, People v Hollman, supra; People v De Bour, supra; People v Mann, 143 AD2d 200). Although the officer was in plainclothes, he was known to the defendant.

Once the officer was in close proximity to the defendant, his observation of the defendant reaching to his waistband, together with his awareness that the defendant owned several guns, justified the officer's action of reaching for the defendant's waist area, at which point drugs fell out of the defendant's pants. A police officer may take precautions for his own safety and "[i]t is quite apparent to an experienced police officer, and indeed it may almost be considered common knowledge, that a handgun is often carried in the waistband" *(People v Benjamin,* 51 NY2d 267, 271; *see also, People v Heron,* 178 AD2d 656; *People v McEachin,* 148 AD2d 551, 552).

Moreover, the officer's testimony at the hearing was properly credited by the hearing Judge *(see, People v Amarillo,* 141 AD2d 551). Probable cause to arrest the defendant existed upon the drugs falling to the ground, and the subsequent seizure of the remainder of the drugs was proper. Accordingly, the physical evidence was not obtained as a result of illegal police conduct, and the hearing court properly denied suppression of the physical evidence obtained from the defendant and his statements made upon arrest. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.