■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BURNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 31, 1989, convicting him of criminal possession

of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the hearing established that in response to a radio message describing the perpetrator of a "past assault, man with a gun", several police officers proceeded to the location specified in the transmission. At the scene the police saw the suspect—who was someone other than the defendant—standing among a group of four or five individuals. As the officers approached the suspect, the defendant backed into one of the officers, and a bag that the defendant held in his hand inadvertently hit the back of the officer's right hand. From this contact the officer felt a hard object, and reacted by squeezing the bag. The object inside, he testified, felt like a gun. He then opened the bag, saw the gun, and arrested the defendant.

The hearing court properly denied suppression of the gun. The officer's reaction in grabbing the defendant's bag as he was hit with it, was merely a spontaneous reaction. Upon feeling a hard object resembling a gun, the officer had a "founded suspicion that criminal activity [was] afoot" *(People v De Bour,* 40 NY2d 210, 223; *People v Hollman,* 79 NY2d 181), and was thus justified in opening the bag, seizing the gun, and arresting the defendant.

We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur. *[See,* 143 Misc 2d 262.]