■ In the Matter of ROBERT C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Balkin, J.), dated June 15, 1989, which, upon a fact-finding order of the same court, dated March 31, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of 18 months. The appeal brings up for review (1) the fact-finding order dated June 15, 1989, and (2) the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence and statements made by him to the police.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On the afternoon of December 27, 1988, Police Officer Ray Horton and his partner Deborah Becker were on patrol in a section of Freeport, New York, known for heavy drug-trafficking, when they observed the appellant engaged in conversation with the occupants of a car which had pulled up to the corner of North Main Street and Leonard Avenue. The appellant appeared nervous, and was turning his head back and forth as if he were looking for somebody. Officer Horton further noted that the appellant never left the curb during his brief conversation with the occupants of the car, and based on his narcotics training and experience, he believed the appellant's conduct to be consistent with that of an individual involved in a drug transaction.

After making eye contact with Officer Horton, with whom he was acquainted, the appellant "made an about-face" and walked into a nearby delicatessan. Horton then entered the delicatessan, approached the appellant, and asked him "what he was doing in the neighborhood", and whether his parents knew where he was. However, the appellant's lips were closed as if he had something in his mouth, and he did not answer Horton's questions. At this point, Officer Horton asked the appellant whether he was "hanging out" with drug dealers, and "where are the drugs?" The appellant responded by taking a step to the right, opening up his hand, and "spitting out" 13 clear, individually wrapped plastic bags. The plastic bags contained a "white rock substance" which the officer believed to be crack cocaine. The appellant then handed the plastic bags to Horton, and was placed under arrest.

Contrary to the appellant's contention, the Family Court did not err in denying his motion to suppress, *inter alia,* the 13 plastic bags of cocaine which he relinquished to the arresting officer. Officer Horton testified that he observed the appellant, in a drug-infested area, acting in a manner which he believed, based on his narcotics training and experience, to be consistent with that of an individual involved in a drug transaction. Moreover, upon making eye contact with the officer, the appellant immediately turned around and quickly entered the deli. These circumstances, coupled with the appellant's refusal to answer Officer Horton's initial questions, and the fact that he appeared to have something in his mouth, provided founded suspicion of criminal activity *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210; *see also, People v Heron,* 178 AD2d 656; *People v Weldon,* 171 AD2d 712). The

officer was thus justified in escalating the encounter to that of a common-law inquiry by asking the appellant pointed questions as to whether he was involved with drug dealers and in possession of narcotics *(see, People v Hollman, supra)*. Moreover, probable cause to arrest the appellant existed once he spat the narcotics from his mouth *(see, People v Allen,* 181 AD2d 684). Accordingly, we discern no basis for disturbing the hearing court's determination.

We have examined the appellant's remaining contentions, and find that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.