■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Sweeny, J.), rendered September 13, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

In the evening of January 6, 1990, the White Plains police received an anonymous tip which, in substance, stated that the defendant was at a specified location in possession of a gun. The informant identified the defendant by name. Two police officers, both of whom personally knew the defendant, responded to the scene. They were accompanied by a police sergeant. They observed the defendant at the specified location, described by one of the officers as a "high drug activity area, high crime area". They stopped the defendant. One of the officers, acting to insure his own safety and the safety of the other officers, frisked the defendant. The officer felt a bulge in the defendant's jacket but was unable to ascertain whether or not the object was a gun. He removed the object, which was revealed to be a leather pouch. The officer felt the exterior of the pouch and noted that it contained small cylindrical objects. Based on his experience, the officer believed these objects to be crack cocaine vials. He opened the pouch and found that it contained 13 vials of crack cocaine.

The Supreme Court properly denied the suppression of the vials. Under the circumstances of this case, the police were justified in believing that the defendant was armed and a frisk for a weapon was permissible *(see, People v Salaman,* 71 NY2d 869). Further, after detecting a bulge that could not be identified, and being unable to determine that the defendant was unarmed, the officer who conducted the frisk properly removed the pouch from the defendant's jacket *(see, People v*

*Taylor,* 123 AD2d 651; *see also, People v Pagan,* 173 AD2d 744; *People v Perry,* 133 AD2d 380, *affd* 71 NY2d 871; *cf., People v Battaglia,* 56 NY2d 558; *People v Brockington,* 176 AD2d 743). Moreover, the subsequent search of the pouch was proper under the circumstances *(see, People v Burns,* 182 AD2d 633; *see also, People v Hollman,* 79 NY2d 181; *People v Allen,* 181 AD2d 684).

In view of this determination, we need not consider whether or not the defendant consented to the frisk *(see, People v Zimmerman,* 101 AD2d 294). The defendant's remaining contentions are without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.