■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUIZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silver-

man, J.), rendered October 26, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On February 5, 1990, at 5:30 P.M., Police Officer Harold Young observed the defendant exiting the walkway of a private house in Scarsdale carrying a red duffel bag. Officer Young had responded to that location after receiving a radio communication reporting that a Hispanic male, 5 feet 7 inches in height, and wearing brown clothes, was ringing doorbells of houses in the area. The police officer stopped the defendant, who matched the description he had been given, and asked what he was doing. The defendant responded that he was moving out of his apartment and that the bag he was carrying contained "his stuff". The defendant did not respond when asked where his apartment was. Officer Young, who was familiar with the area, knew that there were no apartments nearby. Officer Young then observed a bulge appearing to be a tool or handle in the defendant's rear waistband, and fearing for his safety, removed it from him, discovering that it was a screwdriver. He asked the defendant if he would mind opening the duffel bag, and the defendant complied, revealing a stereo, VCR and other electronic equipment. Back-up officers arrived on the scene and remained with the defendant while Officer Young went to inspect the house further. He found the front door ajar, a kitchen window broken, and wires where it appeared that the stereo and other equipment had been removed, as well as clothing strewn about the floor. The defendant was then placed under arrest, and charged, *inter alia,* with burglary in the second degree. Following a pretrial hearing, the court denied suppression of the screwdriver and duffel bag.

The defendant now contends that the hearing court erred by failing to suppress the screwdriver and the duffel bag, arguing that he did not voluntarily consent to the search of the duffel bag, and that the officer's fear for his safety was not reasonable. We disagree. Under the circumstances, the officer's belief that the defendant was armed, based upon his observation of a bulge in his waistband, was justified and a frisk for weapons was permissible *(People v Restrepo,* 173 AD2d 652; *People v Booker,* 158 AD2d 700). With respect to the duffel bag, whether consent was voluntary must be determined from all the relevant circumstances *(People v Gonzalez,* 39 NY2d 122;

*People v DePace,* 127 AD2d 847). The evidence adduced at the hearing clearly supports the court's determination that the defendant gave his consent freely and voluntarily. The defendant was not in custody at the time he consented to the search of his bag, no guns were drawn, and the officer's inquiries prior to the consent were brief and nonconfrontational. Moreover, the defendant has a long history of contact with law enforcement authorities which is some indication that his consent was "more likely to be the product of calculation than awe" *(People v Gonzalez, supra,* at 129).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of out factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.