■ In the Matter of ASHANTI L., a Person Alleged to be a Juvenile Delinquent, Appellant. [599 NYS2d 305] —In a juvenile delinquency proceeding pursuant to Family Court Act article

3, the appeal is from an order of disposition of the Family Court, Queens County (Clark, J.), dated February 19, 1992, which, upon a fact-finding order of the same court, dated December 18, 1991, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, upon his admission, adjudged him to be a juvenile delinquent and placed him under the supervision of the New York City Department of Probation. The appeal brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At the hearing, an experienced narcotics detective testified that on August 6, 1991, he observed the appellant walking towards him, carrying two vials in his hand. While the incident took place in the evening, the area was well lit and the observation was made from a distance of about seven or eight feet. The appellant's hand was about waist high. The vials were slightly longer than . standard "crack vials". As the detective approached the appellant, the appellant saw the officer and placed the vials in his mouth.

The detective grabbed the appellant and requested that he spit the vials out. When the vials were recovered, they were coated with gum and appeared to contain a white powdery substance believed to be crack cocaine.

Based on the officer's expertise, the presence of clear plastic vials, a hallmark of drug transactions, and the surrounding circumstances, we find there existed probable cause to seize the vials and subsequently arrest the appellant (see, People v Goggans, 155 AD2d 689). We do not find the detective's request to the appellant to remove the vials from his mouth to be unduly intrusive, given the circumstances (see, Matter of Robert C., 185 AD2d 313). Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.