■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BREWER, Appellant. [606 NYS2d 292] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered September 8, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant was a passenger in a car which was stopped because a detective from the Briarcliff Manor Police Department, who was on routine motor patrol, recognized the driver and knew that the driver did not possess a valid driver's license. The detective asked the driver for her license, registration, and insurance card. She could not produce the license. She also gave the detective a false name when asked to identify herself. During the course of this questioning the defendant passenger told the detective that the car was not stolen and that he had permission to use the vehicle from his employer, the owner of a local gas station. He could not, however, name the vehicle's owner.

Other police arrived on the scene, including a Briarcliff Manor Police Lieutenant, after the detective radioed for backup. Upon their arrival the driver was arrested. The police officers decided that the defendant and the car should return to police headquarters in furtherance of their investigation. The defendant, upon being informed of the officers' decision, stated, "Okay, that is no problem". Initially, the defendant was asked to drive the car to the police station and was told he could leave once ownership of the automobile was confirmed. However, he told the officers that he did not possess a driver's license. The officers then decided that the defendant should return to the police station in the lieutenant's car. Incident thereto, the defendant was told that a pat-down for weapons was to be conducted by the lieutenant. The defendant permitted this to be done. During the pat-down the lieutenant found that the defendant was wearing a pouch around his hips. He attempted to take it for the purpose of securing it during the trip to the station even though no weapons were revealed and the pat-down disclosed no other suspicious

bulges. The officer testified that he did not intend to open the pouch, but merely to keep it with him until the trip was over and then return it to the defendant, as he would a woman's handbag. However, the defendant resisted giving up the pouch, pushed and cursed at the officer and assumed a combative stance. He then was told that he was to be arrested for disorderly conduct and he attempted to flee. He was subdued and arrested, and the pouch was taken from him and searched. The search revealed cocaine.

We find that the defendant consented to accompany the police to the police station. The defendant's presence in the automobile was not the initial reason for the stop. He was not under arrest and had not been told that he was not free to go. Further, until he revealed that he did not have a license, the police were willing to allow him to drive the car to the police station. With his verbal assent, these circumstances constituted sufficient proof that voluntary consent was given (see, People v Gonzalez, 39 NY2d 122; People v Ruiz, 188 AD2d 495; see also, People v Tucker, 140 AD2d 887). In any event, the police had grounds to temporarily detain and transport the defendant to the police station in view of the fact that a reasonable suspicion existed that the crime of unauthorized use of the vehicle had been committed (see, People v Hicks, 68 NY2d 234, 240-242; People v Foster, 173 AD2d 841, 844).

We further find that the defendant consented to a pat-down of his person when it became clear that he would have to be transported in a police vehicle. The defendant was told that the pat-down was to check for weapons. The record does not contain any further indication that the defendant questioned this action any more than he had the request to accompany the lieutenant in the first instance, to which the pat-down was clearly connected. Moreover, because a reasonable suspicion existed that the defendant was involved in a crime, such a request was reasonable (see, People v Torres, 74 NY2d 224, 229-230).

The officer was not entitled to open or feel through the pouch for anything that might not be readily identified as a weapon (see, People v Diaz, 81 NY2d 106, 112). However, in view of his anticipated and vulnerable position as a driver and the possibility that an undisclosed object which might serve as a weapon was inside, the officer was nevertheless entitled to assure his own safety during that specified period of time by securing the pouch away from his passenger, not under arrest but under suspicion for a crime, provided it was thereafter returned, unopened (People v Torres, supra; cf., People v Gon-

*zalez,* 115 AD2d 73, 82, *affd* 68 NY2d 950). The record does not render the officer's testimony to the effect that this was what he planned to do incredible, and we thus accept the hearing court's determination that his account was worthy of belief *(see, People v Prochilo,* 41 NY2d 759). Accordingly, we conclude that his attempt to take the pouch from the defendant for the limited purposes described was legal.

The subsequent altercation gave the police probable cause to arrest the defendant for disorderly conduct (Penal Law § 240.20 [1]), and the resulting seizure and search of the pouch, taken from him after his arrest was therefore legal *(People v Smith,* 59 NY2d 454, 458). Accordingly, we agree with the County Court that suppression of the pouch and its contents was unwarranted.

The court's ruling regarding suppression of the defendant's statements was also proper *(see, People v Cornish,* 157 AD2d 741). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.