■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McKINNEY, Appellant. [625 NYS2d 667] —Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered February 28, 1992, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, and criminally using drug paraphernalia in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the sentence that was imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for resentencing in accordance herewith.

By pleading guilty, the defendant waived any challenge to the sufficiency of the evidence before the Grand Jury *(see, People v Dunbar,* 53 NY2d 868; *People v Contestabile,* 202 AD2d 442).

Contrary to the defendant's contentions, detailed and accurate information from an anonymous source provided the arresting police officer with reasonable suspicion that the defendant might be armed *(see, People v Salaman,* 71 NY2d 869; *People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *People v Harry,* 187 AD2d 669), and the discovery of a gun on the defendant's person gave the officer probable cause to arrest the defendant *(see, People v Heron,* 178 AD2d 656).

The sentencing court erred by imposing a single term of

imprisonment for all four counts of the indictment to which the defendant pleaded guilty (see, CPL 380.20; People v Sturgis, 69 NY2d 816). The matter must, therefore, be remitted to the County Court, Dutchess County, for resentencing (see, People v Sturgis, supra; People v Mohammed, 126 AD2d 673).

For the purposes of resentencing, we note that the minutes of the plea proceeding do not indicate that the defendant was told, nor can it be inferred that he understood, that if he failed to appear for sentencing on the scheduled date the court could impose a harsher sentence than the four to eight years of imprisonment that he was promised. It was, therefore, error for the sentencing court to impose an enhanced sentence without affording the defendant an opportunity to withdraw his guilty plea (see, People v Michael, 190 AD2d 758; People v Annunziata, 105 AD2d 709). However, in light of the defendant's request for a reduction of the sentence rather than an opportunity to withdraw his plea and the prosecution's acquiescence to such a remedy, the new sentence for the defendant's conviction of criminal possession of a controlled substance in the fourth degree should not exceed four to eight years.

We need not reach the defendant's contention that the sentence that was imposed is excessive in light of our determination. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.