■  In the Matter of ADAM M., a Person Alleged to be a Juvenile Delinquent, Appellant. [629 NYS2d 770] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Dabiri, J.), dated February 7, 1994, which, upon a fact-finding order of the same court, dated November 15, 1993, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal brings up for review the denial of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is reversed, on the law, the fact-finding order is vacated, the appellant's motion to suppress physical evidence is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings.

On March 17, 1993, Police Officer Donald Fennelli observed the appellant riding on the outside of a moving New York City subway train in violation of Rules of Conduct of the New York City Transit Authority § 1050.9 (d). After the appellant jumped off the train, the officer approached him, indicating that he was going to issue a summons. When the appellant could not provide identification, the officer placed him under arrest for the violation. The officer escorted the appellant to a nearby porter's room where he conducted a pat-down search. The officer felt what he believed to be vials of crack cocaine in the appellant's right front pocket. In his testimony at the suppression hearing, the officer testified that he did not observe the outline of any weapon and did not fear for his safety in any way. The officer then removed 10 vials of cocaine from the appellant's pocket.

The police officer acted lawfully in detaining the appellant and conducting the pat-down search in the interest of protecting his safety (see, People v Ellis, 62 NY2d 393, 396-397; Matter of D'Angelo H., 184 AD2d 1039). However, the record indicates that after conducting the pat-down search, the officer had no indication that the appellant had a weapon and that he did not fear for his safety. Furthermore, there was no basis for the officer to conclude that the vials were the fruits or instrumentalities of the appellant's minor violation. Thus, the officer lacked a sufficient basis to reach into the appellant's pocket to remove the vials, and they should have been suppressed (see, People v Diaz, 81 NY2d 106; People v Adams, 32 NY2d 451, 455; People v Coleman, 24 NY2d 1005; Matter of D'Angelo H., supra). The

presentment agency's contention that the appellant's conduct could be considered criminal tampering in the second degree *(see,* Penal Law § 145.15), criminal nuisance in the second degree *(see,* Penal Law § 240.45), or reckless endangerment in the second degree *(see,* Penal Law § 120.20), thus justifying the more thorough search, is unpreserved for appellate review *(see, People v Dodt,* 61 NY2d 408, 416; *People v Johnson,* 64 NY2d 617, 619, n 2).* Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.