■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON SCHELL, Appellant. [689 NYS2d 231] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered July 18, 1996, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress cocaine seized by the police. The defendant was a passenger in a van which was stopped by a State Trooper for traffic violations. The State Trooper observed the defendant reach into his waistband area, apparently to secrete an object. Therefore the State Trooper appropriately directed the defendant to step out of the car (*see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966). As the defendant emerged, a clear plastic bag containing a white powdery substance fell out of his shorts to the ground. The State Trooper recognized the white substance as what appeared to be cocaine, and this

established probable cause for the defendant's arrest (*see,* CPL 70.10 [2]). Thereafter, the codefendant, the driver of the van, consented to the search of the vehicle (*see, People v Gonzalez,* 39 NY2d 122).

Contrary to the defendant's contentions, the charge to the jury on circumstantial evidence was adequate (*see, People v Davis,* 244 AD2d 418).

The defendant's contention that his sentence was excessive is without merit (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.