■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH C. GRIFFIN, Appellant. [717 NYS2d 891] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered April 17, 1997, convicting him of murder in the second degree (six counts), robbery in the first degree (three counts), burglary in the first degree (three counts), attempted murder in the second degree, and assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's voluntary, knowing, and intelligent waiver of his right to appeal all decisions of the court encompassed his right to appellate review of the denial of that branch of his omnibus motion which was to suppress physical evidence (see, People v Kemp, 94 NY2d 831).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GUTIERREZ, Appellant. [715 NYS2d 164] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered May 27, 1999, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, burglary in the second degree, and criminal possession of a firearm in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he is entitled to go to trial because the County Court did not impose the sentence he was originally promised as part of his plea agreement is without merit. The record reveals that the County Court gave the defendant an opportunity to withdraw his plea, and that he refused this offer (cf., People v McKinney, 215 AD2d 407).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Bracken, Friedmann and Smith, JJ., concur.