■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HOWARD, Appellant. [770 NYS2d 262]—

Appeal from a judgment of Cayuga County Court (Corning, J.), entered April 11, 2002, convicting defendant after a jury trial of, inter alia, robbery in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [2]-[4]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that County Court erred in admitting in evidence a gun and knife used in the commission of the crimes because there were deficiencies in the chain of custody with respect to both. We disagree. Where, as here, " 'the circumstances provide reasonable assurances of the identity and unchanged

condition' of the evidence," any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility (*People v Julian*, 41 NY2d 340, 343 [1977]; *see People v Thompson*, 300 AD2d 1032, 1033 [2002], *lv denied* 99 NY2d 620 [2003]).

We reject the further contention of defendant that the court erred in denying his motion to suppress evidence discovered as a result of a patdown search. Defendant consented to that search (*see People v Brewer*, 200 AD2d 579, 580 [1994], *lv denied* 83 NY2d 869 [1994], *cert denied* 513 US 850 [1994]) and, when officers were unable to determine whether any of the numerous hard objects in defendant's pockets were weapons, they were justified in reaching into defendant's pockets in order to determine whether any of the objects were weapons (*see People v Taylor*, 123 AD2d 651, 651-652 [1986], *lv denied* 69 NY2d 718 [1986]; *see also People v Harry*, 187 AD2d 669 [1992], *lv denied* 81 NY2d 789 [1993]).

We further conclude that the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.