■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HENDERSON, Appellant. [809 NYS2d 567]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 22, 2003, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record establishes that the police legally stopped the vehicle in which he was a passenger, so that the trooper was authorized to direct both the driver and the defendant passenger to exit the vehicle (*see People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]; *People v Miles*, 208 AD2d 1089, 1091 [1994]). Further, the hearing court properly determined that the defendant consented to the pat-down search necessary to be given a ride in the patrol car without being restrained (*see People v Natiello*, 294 AD2d 451 [2002]; *People v Brewer*, 200 AD2d 579 [1994], *cert denied* 513 US 850 [1994]). In any event, the trooper acted lawfully in initiating the pat-down search in the interest of protecting his safety (*see Matter of Adam M.*, 217 AD2d 628 [1995]; *People v Brewer, supra*). Once the defendant reacted to the trooper's touch of the hard bulge in the defendant's waistband by moving away, the situation appeared to pose an imminent threat to the trooper and he was therefore authorized to handcuff the defendant in a nonarrest detention (*see People v Allen*, 73 NY2d 378 [1989]; *People v Setzer*, 199 AD2d 548, 549 [1993]).

The trooper testified at the suppression hearing that the hard bulge at the defendant's waistband felt like a gun butt, knife handle, or metal knuckles. The trooper's testimony was properly found to be credible. The hearing court's factual findings and credibility determinations are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the hearing record (*see People v Santiago*, 18 AD3d 675 [2005], *lv denied* 5 NY3d 810 [2005]; *People v Watson*, 15 AD3d 598 [2005];

*People v Cameron*, 6 AD3d 546 [2004]). Accordingly, the trooper's suspicions, coupled with the defendant's reaction when the trooper touched the object, authorized a continuing search of the defendant's person which resulted in the discovery of contraband (*see People v Hollins*, 248 AD2d 892 [1998]; *see also People v Taylor*, 123 AD2d 651, 652 [1986]; *People v Howard*, 2 AD3d 1323 [2003]).

The defendant's subsequent statement was admissible, as the trooper's inquiry was merely designed to clarify the situation rather than to elicit inculpatory statements (*see People v Burnett*, 228 AD2d 788, 790 [1996]; *People v Maldonado*, 184 AD2d 590 [1992]).

The defendant's remaining contentions are without merit. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.