# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**925**

**KA 08-01356**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MICHAEL A. FAGAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Dennis F. Bender, A.J.), rendered June 23, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of resisting arrest (§ 205.30). Contrary to defendant's contention, County Court properly refused to suppress the bag of cocaine seized by the police when it fell to the ground from his pant leg during a pat frisk. The officers lawfully stopped the vehicle in which defendant was a passenger because it had excessively tinted windows (*see People v Estrella*, 48 AD3d 1283, 1285, *affd* 10 NY3d 945, *cert denied* 555 US 1032), and lawfully directed defendant to exit the vehicle (*see People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 966; *People v Henderson*, 26 AD3d 444, 445, *lv denied* 6 NY3d 895). Based on defendant's movements both inside and outside the vehicle, the officers suspected that defendant was attempting to conceal something (*see People v Batista*, 88 NY2d 650, 654; *People v Grant*, 83 AD3d 862, 863-864, *lv denied* 17 NY3d 795), and they reasonably suspected that defendant was armed and posed a threat to their safety because his actions were directed to the area of his waistband, which was concealed from their view (*see People v Bracy*, 91 AD3d 1296, 1297; *People v Nelson*, 67 AD3d 486, 487). In addition, defendant continued to move his hands toward his waistband despite the officers' repeated requests that he stop doing so (*see People v Mack*, 49 AD3d 1291, 1292, *lv denied* 10 NY3d 866; *People v Robinson*, 278 AD2d 808, 809, *lv denied* 96 NY2d 787). Based upon their reasonable belief

that defendant was armed, the officers lawfully conducted a pat frisk (*see Henderson*, 26 AD3d at 445), and were entitled to use handcuffs to ensure their safety while conducting the frisk (*see People v Allen*, 73 NY2d 378, 379-380; *Henderson*, 26 AD3d at 445).  Contrary to defendant's contention, the use of handcuffs did not transform his detention into an arrest, requiring probable cause (*see Allen*, 73 NY2d at 380; *People v Tiribio*, 88 AD3d 534, 535, *lv denied* 18 NY3d 862). The officers thereafter acquired probable cause to arrest defendant, however, when the bag of cocaine fell to the ground from his pant leg (*see People v Schell*, 261 AD2d 422, 422-423, *lv denied* 94 NY2d 829).

Defendant contends that the court failed to exercise its discretion in denying defendant's request to speak to other counsel. Defendant previously made that same request to the judge first assigned to his case, and the request was denied.  Defendant then renewed the request on the first day of trial, before a different judge, and he contends that the judge who presided over his trial mistakenly believed that he was bound by the prior ruling denying his request.  We reject that contention, inasmuch as "we do not read any of the language employed by the court as meaning it misapprehended or failed to exercise its discretion" in denying that request (*People v Quinones*, 74 AD3d 494, 494, *lv denied* 15 NY3d 808).  Finally, we reject defendant's contention that his sentence is unduly harsh and severe based on the disparity between the sentence imposed after trial and the sentence offers made during plea negotiations (*see People v Smith*, 21 AD3d 1277, 1278, *lv denied* 7 NY3d 763).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court