# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

965

KA 09-00854

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TARRELL J. CARTER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered April 15, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the gun seized by the police from defendant's person during a pat frisk conducted during a traffic stop. As defendant correctly concedes, the police officer lawfully stopped defendant's vehicle because it had a broken taillight (*see generally People v Fagan*, 98 AD3d 1270, 1271, *lv denied* 20 NY3d 1061; *People v Dempsey*, 79 AD3d 1776, 1777, *lv denied* 16 NY3d 830), and defendant voluntarily exited the vehicle. Given defendant's furtive behavior before and after exiting his vehicle, including being "fidgety" and "evasive" when answering the police officer's questions, turning the right side of his body away from the police officer, and placing his right hand in his jacket pocket, the police officer "reasonably suspected that defendant was armed and posed a threat to [his] safety" (*Fagan*, 98 AD3d at 1271; *see People v Daniels*, 103 AD3d 1204, 1205). "Based upon [his] reasonable belief that defendant was armed, the officer[] lawfully conducted [the] pat frisk" that resulted in the seizure of the gun (*Fagan*, 98 AD3d at 1271; *see People v Batista*, 88 NY2d 650, 654; *People v Grant*, 83 AD3d 862, 863-864, *lv denied* 17 NY3d 795).

Entered:  September 27, 2013                        Frances E. Cafarell
                                                   Clerk of the Court