■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL VADELL, Also Known as RAFAEL IRIZARRY, Appellant. [62 NYS3d 643]—

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered December 17, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Contrary to defendant's contention, County Court properly refused to suppress physical evidence seized by the police from defendant after a traffic stop. The officers lawfully stopped the vehicle in which defendant was a passenger because the driver was operating the vehicle with no headlights and was not wearing a seat belt (*see generally People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]). Defendant was properly asked to exit the vehicle (*see id.; People v Henderson*, 26 AD3d 444, 445 [2006], *lv denied* 6 NY3d 895 [2006]). Based on defendant's movements while inside and when exiting the vehicle, the officers reasonably suspected that defendant was armed and posed a threat to their safety (*see People v Fagan*, 98 AD3d 1270, 1271 [2012], *lv denied* 20 NY3d 1061 [2013], *cert denied* 571 US —, 134 S Ct 262 [2013]). Contrary to defendant's contention, the use of handcuffs during a frisk by one of the officers did not transform his detention into an arrest (*see id.; see also People v Allen*, 73 NY2d 378, 379-380 [1989]). The officers thereafter acquired probable cause to arrest defendant when a gun fell to the ground from his pant leg (*see Fagan*, 98 AD3d at 1271).

We agree with defendant, however, that the court failed to fulfill its obligation to advise him at the time of his plea that the sentence imposed upon his conviction would include a period of postrelease supervision (*see People v Catu*, 4 NY3d 242, 244-245 [2005]). We therefore reverse the judgment and vacate defendant's plea (*see People v Cornell*, 16 NY3d 801, 802 [2011]). Present—Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.