People v Vazquez-Diaz (2018 NY Slip Op 08860)





People v Vazquez-diaz


2018 NY Slip Op 08860


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1374 KA 14-00633

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS A. VAZQUEZ-DIAZ, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 24, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to defendant's contention, County Court properly refused to suppress physical evidence seized by the police from defendant after a traffic stop of a vehicle in which defendant was a passenger. We previously determined that the initial traffic stop was lawful on the appeal of another passenger in the same vehicle (see People v Vadell, 153 AD3d 1638, 1639 [4th Dept 2017]), and there is no reason to reach a different result here inasmuch as the evidence at the suppression hearing established that the officers lawfully stopped the vehicle because the driver was operating it with no headlights and was not wearing a seat belt.
After properly stopping the vehicle for traffic infractions, officers ordered the other passenger out of the vehicle and recovered a gun from him while defendant remained inside of the vehicle. The officers then lawfully asked defendant to exit the vehicle (see People v Mundo, 99 NY2d 55, 58 [2002]; People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v Daniels, 117 AD3d 1573, 1574 [4th Dept 2014]). Based on the gun already recovered from the other passenger, the officers "reasonably suspected that defendant was armed and posed a threat to their safety" (People v Fagan, 98 AD3d 1270, 1271 [4th Dept 2012], lv denied 20 NY3d 1061 [2013], cert denied 571 US 907 [2013]; see People v Dempsey, 79 AD3d 1776, 1777 [4th Dept 2010], lv denied 16 NY3d 830 [2011]), and the fact that one officer drew his weapon as defendant exited the vehicle and defendant was placed in handcuffs after he exited did not transform defendant's detention into an arrest (see People v Franqueira, 143 AD3d 1164, 1166 [3d Dept 2016]). Further, after recovering the gun from the other passenger, the officers had " the requisite reasonable suspicion to believe that at least one of the occupants of the vehicle was armed prior to conducting the pat-down search[ ]' of defendant" (Dempsey, 79 AD3d at 1777). The officers thereafter acquired probable cause to arrest defendant when they observed a gun in a satchel on defendant's chest (see Fagan, 98 AD3d at 1271).
Finally, we reject defendant's contention that his sentence is unduly harsh and severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court