■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. PRIDE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered November 4, 1983, convicting defendant upon his

plea of guilty of the crimes of burglary in the second degree and sexual abuse in the third degree.

On July 31, 1983, defendant was arrested in connection with a burglary in the Village of Owego, Tioga County. After a felony hearing in Justice Court, defendant was bound over for Grand Jury action. Defendant was indicted by a Grand Jury and charged with second degree burglary and third degree sexual abuse. The case proceeded to trial and, during the People's rebuttal, defendant withdrew his plea of not guilty and pleaded guilty to the indictment. Defendant was then sentenced as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years and a definite term of three months in jail, the terms to run concurrently. This appeal by defendant ensued.

Defendant's first allegation of error is that County Court erred in denying his motion to dismiss the indictment. At the beginning of trial, it became apparent that the People could not provide defendant with the victim's testimony at the felony hearing because the tape recording of that hearing was inaudible. County Court refused to dismiss the indictment, but ordered the District Attorney to provide defendant with all of the Grand Jury testimony as well as his own notes of the felony hearing. Defendant's guilty plea, knowingly and intelligently made, operated as a waiver of this objection (see, People v Lewis, 98 AD2d 853, 854; People v Thomas, 74 AD2d 317, affd 53 NY2d 338). Even if the issue was not waived, we would affirm County Court's eminently reasonable resolution of the problem which was brought about through no fault of the People.

Likewise, defendant's plea of guilty operated as a waiver of his claim that County Court improperly admitted evidence of an uncharged criminal act (see, People v Evans, 58 NY2d 14, 21, n 1; People v Di Raffaele, 55 NY2d 234, 240).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.