■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SLEDGE, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Sullivan County (Traficanti, J.), rendered December 21, 1983, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

This appeal arises out of defendant's conviction in connection with the death of Frederick Liedtke. Defendant and a codefendant, Carnell Williams, were arrested and charged in a felony complaint with the robbery and murder of Liedtke, which occurred on July 29, 1980. On August 4, 1980, a preliminary hearing was held at which Investigator Lawrence Chambers was the only witness, and defendant and Williams were held over for action by the Grand Jury. However, defendant waived his right to be indicted by the Grand Jury and consented to being prosecuted by a superior court information. He pleaded guilty to manslaughter in the first degree and, on September 5, 1980, was sentenced to 10 to 20 years' imprisonment.

On appeal, this court reversed the conviction, holding that the waiver of indictment was invalid (90 AD2d 588). The People's application for leave to appeal to the Court of Appeals was denied by certificate dated February 1, 1983 (58 NY2d 977). Defendant was then indicted on April 6, 1983 for two counts of murder in the second degree and one count of robbery in the first degree. In September 1983, defendant made a motion to dismiss the charges against him, claiming

that his constitutional right to a speedy trial had been violated (US Const 6th Amend; CPL 30.20; Civil Rights Law § 12). County Court denied this motion.

Shortly thereafter, defendant moved for dismissal because the minutes of the preliminary hearing held in 1980 were lost. County Court denied the motion, but held a reconstruction hearing and ordered the People to turn over Chambers' Grand Jury testimony and police records. At the close of the hearing, County Court denied defendant's renewal of the motion to dismiss. Pursuant to a plea bargain, defendant then pleaded guilty to manslaughter in the first degree and was sentenced to 10 to 20 years' imprisonment. Both the prosecutor and County Court agreed that defendant could preserve his right to appeal his claims premised on his right to a speedy trial and the loss of the preliminary hearing transcript. This appeal ensued.

Initially, we find no merit in defendant's assertion that his constitutional right to a speedy trial was violated. Defendant initiated the appellate process and the delay occasioned by the appeal should not be attributed to the People *(see, People v Cole,* 112 AD2d 472, 473). Moreover, after the Court of Appeals order denying leave to appeal was entered, defendant made pretrial motions which required hearing and disposition. It is also undisputed that active plea bargaining between the parties took place during the period in question. Finally, we note that the delay was not related to the loss of the preliminary hearing transcript.

Defendant claims on appeal that he had a fundamental right to the transcript of the preliminary hearing; that its loss would have hampered his ability to cross-examine Chambers and that, therefore, his conviction must be reversed. Defendant, however, has forfeited his right to raise this issue by his plea of guilty *(see, People v Pride,* 114 AD2d 685; *People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). The right of appellate review having been forfeited, as a matter of policy, the plea is vacated and matter remitted to County Court for further proceedings *(see, People v Dittus,* 114 AD2d 277; *People v Thomas, supra,* p 326).

Judgment reversed, as a matter of discretion in the interest of justice, guilty plea vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent herewith. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.