■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR KING, Appellant. [614 NYS2d 952] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the first degree. The record establishes that, as part of his plea agreement, defendant made a knowing, intelligent and voluntary waiver of his right to appeal *(see, People v Callahan,* 80 NY2d 273; *People v Moissett,* 76 NY2d 909; *People v Saunders,* 190 AD2d 1092, *lv denied* 81 NY2d 1019). Moreover, defendant has raised no "categories of appellate claims" that survive such waiver *(People v Callahan, supra,* at 280; *see, People v Saunders, supra).* The waiver forecloses review of the contention that the suppression court erred in precluding defendant from litigating the issue of probable cause *(see, People v Gardner,* 167 AD2d 937; *People v Roberts,* 152 AD2d 678, 679, *lv denied* 74 NY2d 851). The issues raised in defendant's *pro se* supplemental brief are similarly foreclosed from appellate review. In any event, defendant's contention that the court failed to honor the terms of the plea agreement is based upon an alleged off-the-record promise. "A defendant will not be heard to challenge his guilty plea when the minutes of the plea are unequivocal and refute any contention of an off-the-record promise" *(People v Frederick,* 45 NY2d 520, 526; *see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). The contention that defendant was deprived of his constitutional right to be present at his *Sandoval* hearing was the subject of a CPL 440.10 motion that is not part of the record on this appeal. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Attempted Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.