■ PAUL LAMARCA, Appellant, v PAK-MOR MANUFACTURING COMPANY, Respondent, et al., Defendants. (Appeal No. 2.) [648 NYS2d 420] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WILLIAMS, Appellant. [648 NYS2d 414] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of robbery in the first degree (Penal Law § 160.15 [3]). The record demonstrates that, as part of the plea agreement, defendant made a knowing, intelligent and voluntary waiver of his right to appeal (see, People v Callahan, 80 NY2d 273; People v Moissett, 76 NY2d 909; People v Saunders, 190 AD2d 1092, lv denied 81 NY2d 1019). Defendant has raised no "categories of appellate claims" that survive such waiver (People v Callahan, supra, at 280; see, People v King, 204 AD2d 993, lv denied 84 NY2d 828; see also, People v Gardner, 167 AD2d 937; People v Roberts, 152 AD2d 678, 679, lv denied 74 NY2d 851). Were we to reach the issue raised by defendant, we would conclude that County Court properly determined that the photo array did not create a "substantial likelihood that the defendant would be singled out for identification" (People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833), and that the victim had an independent basis for her identification. (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 1st Degree.) Present— Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.