■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY L. WALLACE, Appellant. [652 NYS2d 638] —Spain, J. Appeal

from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 25, 1995, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In January 1995 defendant was charged, in local criminal court, with two counts of assault in the second degree and one count of assault in the third degree in connection with injuries he allegedly inflicted upon his paramour, Stephanie Stewart, in October 1994 and January 1995. After a preliminary hearing, these charges were dismissed. In March 1995 defendant was indicted on two counts of assault in the first degree, one count of assault in the second degree and one count of assault in the third degree, again in connection with injuries he allegedly inflicted upon Stewart in October 1994 and January 1995. After his arraignment, defendant made various discovery demands and requested a bill of particulars. He also made an omnibus motion in which he, *inter alia*, sought to preclude the prosecution from offering Stewart's testimony at trial upon the basis that the transcript of the preliminary hearing on the initial charges, held in January 1995, had not been made available to him because the court stenographer had lost her notes before a stenographic transcript could be prepared.

In response to this motion, County Court, *inter alia*, dismissed the third count of the indictment charging assault in the first degree and reduced the second count to attempted assault in the first degree. As to that portion of the motion seeking preclusion of Stewart's testimony, County Court did not order reconstruction of the preliminary hearing or preclude Stewart from testifying, but rather ordered the prosecution to make available to the defense a copy of the Grand Jury testimony and exhibits. Defendant subsequently made a motion *in limine* for an order, *inter alia*, again precluding Stewart's testimony. Before the motion was decided, however, defendant pleaded guilty to assault in the second degree and was sentenced to 1½ to 4½ years in prison. Defendant appeals, arguing that County Court erred in refusing to preclude Stewart's testimony and that the remedy it fashioned to cure the absence of a transcript of the preliminary hearing was inadequate.

Initially, we find that defendant has waived his right to challenge County Court's refusal to preclude Stewart's testimony inasmuch as the record reveals that he entered a knowing, voluntary and intelligent plea of guilty in full satisfaction of the indictment and all pending charges (*see, People v Vasquez*, 231 AD2d 755; *People v Green*, 227 AD2d 240, *lv denied* 88 NY2d

985; *People v Sanders*, 225 AD2d 1042, *lv denied* 88 NY2d 853; *People v Zeoli*, 212 AD2d 935, *lv denied* 85 NY2d 916). Contrary to defendant's assertion, we do not find his claim to be within the category of appellate claims which survive such a guilty plea waiver (*see, People v Callahan*, 80 NY2d 273, 280; *People v Seaberg*, 74 NY2d 1, 9; *People v King*, 204 AD2d 993, *lv denied* 84 NY2d 828). Consequently, we need not address the adequacy of the remedy ordered by County Court to cure the absence of a transcript of the preliminary hearing.

However, were we to consider this issue, we would not find that County Court committed reversible error in ordering the disclosure of the Grand Jury minutes and exhibits instead of precluding Stewart's testimony. The unavailability of the preliminary hearing transcript was not intentional; it was caused by an error of the stenographer, not the prosecution. In view of this, as well as the fact that defendant has not demonstrated prejudice insofar as he would have had an opportunity to cross-examine Stewart at the trial, we conclude that County Court did not abuse its discretion in refusing to preclude Stewart's testimony (*see, People v Kelly*, 62 NY2d 516, 520-521; *People v Earl*, 168 AD2d 510, *lv denied* 77 NY2d 877).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.