■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAN YATES, Appellant. [762 NYS2d 452] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered November 1, 2002 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

On February 21, 2001, at approximately 12:30 A.M., police officer Lawrence Heid and his partner, Kevin Boniface, were on routine patrol in their police vehicle in the vicinity of Bradford Street and Lexington Avenue in the City of Albany when they observed a taxicab proceeding the wrong way on a one-way street. The officers activated their emergency lights and pulled the taxicab over at the intersection of Lexington Avenue and Bradford Street. Boniface walked to the left side of the taxicab while Heid approached the taxicab on the passenger side and, as he did, he observed defendant attempt to exit from the rear. Heid told defendant to remain where he was until they spoke with the driver, at which point he would be free to leave. Heid then noticed an empty glassine bag at defendant's feet on the floor of the taxicab, which appeared to contain marihuana particles. Heid asked defendant if the bag was his, to which defendant responded, "No, I only have this small bag of weed here," pointing toward his left pants pocket. Heid then asked

and received consent to search defendant. When Heid removed the bag from defendant's pocket and determined that it indeed was marihuana, he placed defendant under arrest and conducted a full search incident thereto and found two bags containing 13 pieces of what later was determined to be crack cocaine. When Heid uncovered the cocaine, defendant blurted out, "Oh, shit. I forgot that was still there."

Defendant was indicted and charged with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. Following a combined *Mapp/Huntley* hearing wherein County Court (Breslin, J.) denied defendant's motion to suppress both the physical evidence and defendant's statement, defendant pleaded guilty to the second count of the indictment and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years. Defendant now appeals.

The propriety of County Court's denial of defendant's motion to suppress turns upon whether Heid was justified in compelling defendant to remain in the taxicab during the traffic stop. Because we believe he was, we affirm. The law is now well settled that upon making a valid traffic stop, the police, out of concern for safety, may order the driver and any passengers out of the vehicle until the stop has concluded (*see e.g. People v Robinson*, 74 NY2d 773, 774-775 [1989], *cert denied* 493 US 966 [1989]). While arguably more intrusive, we can discern no reason why the police, for the same safety concerns, should be prevented from requiring the driver and/or passengers to remain in the vehicle until the stop is over, and at least one appellate court has so held (*see People v Forbes*, 283 AD2d 92, 95-96 [2001], *lv denied* 97 NY2d 681 [2001]). We have considered defendant's remaining arguments and find them without merit.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.