■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY GRAHAM, Appellant. [837 NYS2d 639]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at hearing; Arlene R. Silverman, J., at plea and sentence), rendered January 6, 2006, convicting defendant of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After seeing defendant driving backwards and going the wrong way on a one-way street, the police made a lawful stop for a traffic infraction. As they approached the car, an officer saw defendant bending forward at the waist, as if to either secrete or obtain something. The officer properly asked defendant to step out of the car, and noticed that defendant was nervously fidgeting with his lower pants leg near his ankle, a possible location for a weapon. These observations, coupled with the officer's observation of defendant leaning when his car was stopped, provided reasonable suspicion justifying a frisk (*see People v Crespo*, 292 AD2d 177 [2002], *lv denied* 98 NY2d 709 [2002]). When the officer touched defendant's ankle and felt a hard object that he reasonably believed could be a weapon, he was entitled, at the very least, to ask defendant the identity of the object (*see e.g. People v Alvarez*, 308 AD2d 184, 188 [2003], *lv denied* 3 NY3d 657 [2004]), which turned out to be a package of drugs. Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.