█ The People of the State of New York, Respondent, v Mark L. Douglas, Appellant. [839 NYS2d 337]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 1, 2005, upon a verdict, as amended, convicting defendant of the crime of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the seventh degree.

After receiving information from a known confidential informant (hereinafter CI) that cocaine was in a green station

wagon or possessed by persons using that vehicle located at a particular hotel in the Village of Whitney Point, Broome County, officers of the Broome County Sheriff's Department undertook surveillance of the vehicle. The vehicle was followed and eventually stopped on an interstate after several officers observed it being driven in a hazardous manner. The operator of the vehicle exited the vehicle and a crack cocaine pipe was observed protruding from his breast pocket. Defendant, the front seat passenger, was directed out of the vehicle and a pat down of his person disclosed inside his coat a large bag containing baggies of a substance; field tests were positive for cocaine. Defendant was placed under arrest and a subsequent search incident to his being taken into custody revealed more cocaine.

After a suppression and *Darden* hearing, County Court denied defendant's motion to suppress the cocaine, finding that the officers had probable cause to stop the vehicle based upon observed traffic violations. The court also found the stop and search of defendant to have been legal based upon the information conveyed to the authorities by the CI, which provided probable cause. Defendant was convicted, after trial, of criminal possession of a controlled substance in the second* and seventh degrees and sentenced to 12 years of imprisonment and five years of postrelease supervision.

On defendant's appeal, we find no merit to his contention that officers lacked probable cause to stop the vehicle in which he was a passenger because the traffic violation stop was a pretext to search for narcotics. In fact, the officers possessed probable cause to stop the vehicle based upon erratic driving and traffic violations which they had personally observed (*see People v Brooks* [*Charles*], 23 AD3d 847, 849 [2005], *lvs denied* 6 NY3d 810, 811 [2006]); the fact that they also had other underlying reasons or motives is immaterial (*see People v Robinson*, 97 NY2d 341, 348-350 [2001]; *People v Garcia*, 30 AD3d 833, 834 [2006]). Deferring to County Court's credibility findings (*see People v Muniz*, 12 AD3d 937, 938 [2004]), we find no error in the court's decision to credit the account of several officers regarding the unlawful manner in which the vehicle was being driven; it was eminently reasonable to disregard the driver's (and passenger's) testimony claiming that he committed no traffic violations although admitting that all of them had smoked cocaine all day and that he was "very, very high." Upon making the valid traffic stop, the officers were entitled to direct

---

* While the jury convicted defendant of criminal possession of a controlled substance in the first degree, County Court reduced the conviction to the second degree (*see* Penal Law § 220.18 [1]).

the driver and passengers to exit the vehicle out of concerns for their personal safety (*see People v Robinson*, 74 NY2d 773, 774-775 [1989], *cert denied* 493 US 966 [1989]; *People v Muniz, supra*; *People v Yates*, 307 AD2d 593, 594 [2003], *affd* 3 NY3d 625 [2004]) and to conduct the limited protective pat-down search of defendant for the presence of weapons (*see Minnesota v Dickerson*, 508 US 366, 374-376 [1993]; *People v Diaz*, 81 NY2d 106, 109 [1993]).

Alternately, as County Court correctly ruled, the information imparted to the authorities by the CI provided probable cause—independent of the traffic violations—to stop the vehicle and to search defendant without a warrant (*see People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Johnson*, 66 NY2d 398, 402 [1985]; *People v Bell*, 5 AD3d 858, 859 [2004]). The testimony at the hearing established that the CI existed and had provided detailed information to the authorities amounting to probable cause that the vehicle or its occupants possessed cocaine; also, the CI testified to having communicated to the police the basis of the knowledge consisting of personal observations (*see People v Bell, supra* at 859-860; *People v Mantia*, 299 AD2d 664, 665 [2002], *lv denied* 99 NY2d 617 [2003]). The CI's reliability was established by the suppression hearing testimony of the officer to whom the CI relayed the information, who had prior experiences in which the CI provided drug-related information leading to convictions (*see People v Tarver*, 292 AD2d 110, 115-116 [2002], *lv denied* 98 NY2d 702 [2002]).

Finally, under the " 'fellow officer' rule," the officers who stopped the vehicle were entitled to act upon information received from other officers (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Bell, supra* at 859; *see also People v Ketcham*, 93 NY2d 416, 419-420 [1999]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.