■ The People of the State of New York, Respondent, v Dorian L. Hackett, Appellant. [850 NYS2d 676]—

---

Peters, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 9, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Late at night on December 7, 2005, State Trooper Jason Lewis observed defendant driving his vehicle over the fog line. After Lewis activated his emergency lights, defendant pulled to the side of the road and leaned toward the passenger seat of his vehicle before Lewis approached. When Lewis requested defendant's license and registration, only the registration was produced. Upon questioning defendant concerning his movement toward the passenger side of the vehicle, defendant explained that he was reaching for his cell phone, which he then showed to Lewis.

Lewis ordered defendant out of his vehicle, deciding to detain him for a traffic violation. Lewis handcuffed defendant for safety reasons, placed him in his police vehicle and ran a warrant check which revealed no outstanding warrants; he did not run a check to determine if defendant possessed a valid New York State driver's license. Upon the arrival of a backup, Lewis went to defendant's vehicle, opened the passenger door, and looked at the floor board. Observing "a clean floor," he bent down and shone his flashlight underneath the passenger seat, discovering a loaded handgun. A later search of the vehicle yielded a quantity of cocaine.

Defendant was arrested and a preliminary hearing was held at which only Lewis testified. Indicted for two counts of criminal possession of a controlled substance in the third degree and three counts of criminal possession of a weapon in the third degree, defendant moved to suppress the handgun, the ammunition and the cocaine. County Court, relying on the minutes of the preliminary hearing, denied the request. Defendant pleaded guilty to one count of criminal possession of a weapon in the third degree and reserved his right to seek appellate review of his conviction. Sentenced as a second felony offender to 3½ years in prison, with five years of postrelease supervision, he appeals.

Relying on *People v Torres* (74 NY2d 224 [1989]), defendant contends that Lewis had no probable cause to return to his vehicle, open the passenger door and search the floor under the passenger seat when defendant was secured in the police vehicle

and there was no imminent threat to Lewis's safety. We agree. Once an individual exits a vehicle, if there is no "actual and specific" threat to the safety of the officer, or any further justification to search the vehicle, such a search is unlawful (*id.* at 231 n 4).* As made clear by the Court of Appeals in *People v Torres* (*supra*), "[a] police officer's entry into a citizen's automobile and his inspection of personal effects located within are significant encroachments upon that citizen's privacy interests [and] such intrusions must be both justified in their inception and reasonably related in scope and intensity to the circumstances which rendered their initiation permissible" (*id.* at 229-230 [citations omitted]). Following *Torres*, the Court of Appeals, in *People v Carvey* (89 NY2d 707 [1997]), considered conduct which could justify a vehicle search. There, the defendant, seated in the rear of a vehicle which had been stopped by the police, bent down and placed something under the passenger seat. While defendant was still seated in the vehicle, the police observed that he was wearing a bulletproof vest under his sweatshirt (*id.* at 709). These two factors, reasoned the Court, warranted the conclusion that a weapon may be located in the vehicle (*id.* at 712). As this presented an actual and specific threat to the officers' safety, search for and removal of the weapon was justified (*id.*).

Here, no specific threat was presented by defendant's conduct. To be sure, he was driving erratically and disappeared from Lewis's line of sight when he leaned toward the passenger seat. However, defendant explained his movement when he produced his cell phone. And, while Lewis testified that defendant seemed nervous and repeatedly looked at his vehicle, this conduct, in and of itself, is insufficient to justify a search. Lacking any present objective indicators which could lead to a reasonable conclusion that there was a substantial likelihood that a weapon was located in defendant's vehicle, we conclude that the search was unlawful since no actual or specific danger threatened the safety of the officers (*see id.* at 712; *People v Torres*, 74 NY2d at 231 n 4; *compare People v Mundo*, 99 NY2d 55 [2002]). As such, defendant's motion to suppress should have been granted.

We have considered defendant's additional ascriptions of error and find them to be without merit.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, motion to

---

* Despite the People's contention to the contrary, Lewis's opening of the passenger door and using a flashlight to view the handgun under the seat of defendant's car amounted to a search (*see People v Young*, 207 AD2d 465, 466 [1994]).

suppress granted and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.