■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JEFFREY M. MARTIN, Appellant. [854 NYS2d 789]—

Mercure, J. Appeal from a judgment of the County Court of
Chemung County (Hayden, J.), rendered February 23, 2007,
convicting defendant upon his plea of guilty of the crimes of
criminal possession of a controlled substance in the third degree
and criminal possession of a weapon in the fourth degree.

Defendant was a passenger in a vehicle that was stopped for
speeding by Officer Steven Pickering in November 2005. When
Pickering requested the driver's identification, the driver
handed him another person's license and a rental agreement
that named a person who was not in the car. The driver
indicated that he had no way of reaching the person named in
the rental agreement. Inasmuch as the driver's eyes were red
and glassy, the car smelled of alcohol and the driver admitted to
consuming alcohol earlier in the day, Pickering decided to
administer field sobriety tests to the driver, which he passed.
Meanwhile, Officer Steven Cook arrived on the scene and
noticed a Styrofoam cup in the middle console, and another pas-
senger admitted that the cup contained Hennessy cognac. Cook
also confirmed that the photograph on the driver's license did
not depict the driver, who was pacing nervously and refused to
tell Cook the birth date listed on the license. As a result, Cook
placed the driver in handcuffs in the back of his patrol car.

After obtaining identification cards—but not drivers' licen-
ses—from defendant and the other passenger, Pickering asked
them to step out of the car. Pickering then prepared to impound
the vehicle because there was no available driver. Specifically,
he searched it "for vehicle inventory . . . [and] to make sure
there [were] no other open containers inside the vehicle." He
looked under the seats, as well as in the middle console, glovebox
and trunk, and found a silver revolver under the front pas-
senger's seat. At that point, defendant and the other passenger
were also detained, and all three individuals denied any knowl-
edge of the weapon. As defendant was taken into custody, a
small bag of marihuana fell from his clothing. In addition, a
subsequent search revealed 20 bags of crack cocaine in his shoe.

Defendant was thereafter charged in an indictment with various crimes. Following denial of his motion to suppress, he pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree. He was sentenced, in accordance with the plea agreement, to an aggregate term of two years in prison to be followed by two years of postrelease supervision. Defendant now appeals, challenging the denial of his motion to suppress the gun recovered from the car and the evidence recovered in the search incident to his arrest for possession of the gun, i.e., the drugs found on his person. He does not dispute that the initial traffic stop of the vehicle was proper or that the passengers were properly removed from the vehicle (*see e.g. People v Willette*, 42 AD3d 674, 675 [2007], *lv denied* 9 NY3d 883 [2007]); rather, defendant's arguments are directed solely at the propriety of the search that led to the discovery of the gun. In that regard, he argues that once the open container was observed and the officers determined that there were no other open containers in plain view, the passengers should have been given a citation and released. We conclude, however, that the police action in searching the vehicle was proper and, therefore, we affirm.

Initially, we agree with defendant that the People failed to submit any evidence that the inventory search was conducted pursuant to a standardized or established police agency procedure and, thus, it cannot be said that the gun was recovered pursuant to a permissible inventory search (*see People v Johnson*, 1 NY3d 252, 256 [2003]; *cf. People v Washington*, 233 AD2d 684, 686 [1996], *lv denied* 89 NY2d 1042 [1997]). Furthermore, absent any indication that " 'a weapon located within the vehicle present[ed] an actual and specific danger to the officer[s'] safety,' " the search of the vehicle could not be justified on security grounds once the driver and passengers exited the vehicle (*People v Carvey*, 89 NY2d 707, 711 [1997], quoting *People v Torres*, 74 NY2d 224, 231 n 4 [1989]; *see People v Hackett*, 47 AD3d 1122, 1124 [2008]). Nevertheless, it is well settled that "when the occupant of an automobile is arrested, the very circumstances that supply probable cause for the arrest may also give the police probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon or some means of escape" (*People v Blasich*, 73 NY2d 673, 678 [1989]). Moreover, "there is no inflexible requirement that the search concern only items relating to crimes for which the defendant is formally arrested . . . [T]he proper inquiry . . . is simply whether the circumstances gave the officer probable cause to search the vehicle" (*id.* at 680-681; *see People v Galak*, 81 NY2d 463, 467 [1993]).

Here, apart from the driver presenting another person's license and a rental agreement with the name of an individual who was not in the vehicle, the officers detected an odor of alcoholic beverages emanating from the vehicle and observed a cup of alcohol located in plain view in the center console. In addition, the driver's eyes were red and glassy, and he indicated that he had consumed alcohol earlier in the day. Under these circumstances, the officers had probable cause to suspect a violation of Vehicle and Traffic Law § 1227, and the search of the vehicle for additional open containers was proper (*see People v Brooks*, 23 AD3d 847, 848-849 [2005], *lvs denied* 6 NY3d 810, 811 [2006]; *see also People v Parris*, 26 AD3d 393, 394 [2006], *lv denied* 6 NY3d 851 [2006]; *cf. People v Bryant*, 245 AD2d 1010, 1012-1013 [1997]).

We further reject defendant's argument that his sentence was harsh and excessive. Defendant's remaining arguments are either waived by his plea of guilty or unpreserved (*see People v Hansen*, 95 NY2d 227, 230-232 [2000]; *People v Folk*, 43 AD3d 1229, 1230 [2007], *lv denied* 9 NY3d 1033 [2008]; *People v Sledge*, 122 AD2d 293, 294 [1986]), and we decline to reverse in the interest of justice inasmuch as his claims lack merit (*see People v Folk*, 43 AD3d at 1230; *People v Wallace*, 235 AD2d 645, 647 [1997], *lv denied* 89 NY2d 1016 [1997]).

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.