■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE NELSON, Appellant. [888 NYS2d 44]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; James A. Yates, J., at plea and sentence), rendered January 8, 2009, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. Police officers lawfully stopped a livery cab on the basis of traffic violations. This entitled them to order defendant, a passenger, out of the cab even without any particularized suspicion (*see Pennsylvania v Mimms*, 434 US 106, 111 [1977]; *People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]). Moreover, the police had an objectively reasonable suspicion that defendant was trying to conceal a weapon. As the officers approached the stopped cab, they saw defendant, in the middle of the back seat, frantically and erratically moving around, leaning several times to the left and moving his arms up and down in a manner that seemed to indicate that he was trying to tuck something under his arm. As the officers came closer, defendant then seemed to move over to the right side of the rear seat. This conduct went far beyond ordinary nervous behavior.

When defendant came out of the cab, he pressed his body against the area of the rear passenger door, facing the cab and pushing his waist area toward it. The officers never told defendant to stand against the cab; on the contrary, defendant refused the officers' directives to move away from it. The testimony clearly establishes that defendant was not simply complying in advance with an anticipated frisk, but was trying to hide something that was in his front waistband, away from the officers' view. In addition, defendant moved his hands downward, toward his waistband, a gesture strongly indicative of a threat to the officers' safety (*see People v Benjamin*, 51 NY2d 267, 271 [1980]). Regardless of at what point the officers first contemplated performing a pat-down search, the record establishes that defendant was not seized until after he engaged in all of this suspicious behavior.

The totality of defendant's actions, both in and out of the cab, provided more than enough reasonable suspicion to warrant a frisk (*see People v Graham*, 41 AD3d 119 [2007], *lv denied* 9 NY3d 865 [2007]; *see also People v Allen*, 42 AD3d 331 [2007], *lv denied* 9 NY3d 971 [2007]; *People v Hensen*, 21 AD3d 172 [2005], *lv denied* 5 NY3d 828 [2005]). During the frisk, an officer felt a hard object that he believed, based on his experience, to be the butt of the sawed-off stock of a shoulder weapon, but which ultimately turned out to be a hard package of drugs. The officer never testified that he felt what he believed to be the entire weapon, and we reject defendant's argument that the size of the object described by the officer calls his testimony into question. Since the officer reasonably believed the object to be a firearm, he was entitled to remove it (*see e.g. People v Mims*, 32 AD3d 800 [2006]).

We have considered and rejected defendant's remaining arguments. Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.