■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY GREEN, Appellant. [915 NYS2d 371]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), entered April 29, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree and the violation of unlawful possession of marihuana.

Defendant was charged in an indictment with criminal possession of a weapon in the second degree and unlawful possession of marihuana after he was frisked during a traffic stop. Following a suppression hearing, County Court denied defendant's motion to suppress the evidence recovered during the traffic stop and his subsequent statement to police. Defendant then pleaded guilty to the indictment in exchange for a promise that the court would not impose the maximum sentence, and was thereafter sentenced to an aggregate term of seven years in prison to be followed by three years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we agree with defendant that his waiver of the right to appeal was not valid inasmuch as County Court failed to adequately distinguish the right to appeal from those rights that are automatically forfeited upon a guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]). Thus, in addition to his argument that his motion to suppress was improperly denied—an issue that was expressly exempted from the waiver—his claim that his sentence is harsh and excessive is properly before us (see People v Newcomb, 45 AD3d 890, 891 [2007]; see also CPL 710.70 [2]; People v Fernandez, 67 NY2d 686, 688 [1986]). Nevertheless, we conclude that defendant's arguments lack merit.

Defendant argues that his motion to suppress should have been granted because the police lacked reasonable suspicion for the traffic stop of the vehicle in which he was a passenger, or to believe that he possessed a weapon. As defendant concedes, however, a stop of a motor vehicle is justified when an officer observes or reasonably suspects that a violation of the Vehicle

and Traffic Law has occurred. According deference to County Court's determination crediting the testimony of the arresting officer that he observed the vehicle in which defendant was a passenger backing out of a parking lot onto a street in an unsafe manner—thereby violating Vehicle and Traffic Law § 1211 (a)—we conclude that the initial stop of the vehicle was proper (*see People v Shackleford*, 57 AD3d 578, 578 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Douglas*, 42 AD3d 756, 757 [2007], *lv denied* 9 NY3d 922 [2007]; *People v Lamanda*, 205 AD2d 934, 935 [1994], *lv denied* 84 NY2d 828 [1994]).

The officer was therefore acting lawfully in directing defendant, as a passenger in the vehicle, to exit (*see People v Mundo*, 99 NY2d 55, 58 [2002]; *People v Robinson*, 74 NY2d 773, 774-775 [1989], *cert denied* 493 US 966 [1989]; *People v Douglas*, 42 AD3d at 757-758). Furthermore, when approaching the vehicle, the officer had observed defendant putting something into his pants. The officer then saw a sock tied to defendant's underwear when he exited the vehicle and became concerned that he possessed a weapon. Thus, the officer was justified in directing defendant to place his hands on his head when exiting the vehicle, in grabbing defendant's hand when he reached for his midsection, and—once defendant began struggling and aggressively attempting to reach the sock—in placing defendant in handcuffs and removing the sock, which was taut, heavy, stretched, and contained a handgun (*see People v Nelson*, 67 AD3d 486, 487 [2009]; *People v Shackleford*, 57 AD3d at 579; *People v Henderson*, 26 AD3d 444, 445-446 [2006], *lv denied* 6 NY3d 895 [2006]; *People v Hensen*, 21 AD3d 172, 175-176 [2005], *lv denied* 5 NY3d 828 [2005]). In our view, considering the totality of the circumstances, it cannot be said that the officer acted unreasonably and, accordingly, County Court properly denied defendant's motion to suppress.

Defendant's argument that his sentence was harsh and excessive has been considered and found to be lacking in merit.

Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.