■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. THOMPSON, Appellant. [963 NYS2d 780]—

Stein, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 8, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

A vehicle driven by defendant with two female passengers— one in the front seat and one in the rear—was stopped by a State Trooper for a suspected violation of the Vehicle and Traffic Law. After ascertaining that defendant did not have a valid driver's license and was the subject of an outstanding bench warrant, the Trooper placed him under arrest. A subsequent search of the vehicle—including a large brown purse located therein—resulted in the discovery of a bag of marihuana and a bag of a chunky white substance that appeared to be crack cocaine. Defendant was transported to the State Police barracks and read his *Miranda* warnings. He ultimately admitted to the police that the drugs belonged to him.

Defendant was subsequently indicted on charges of criminal possession of a controlled substance in the third degree and aggravated unlicensed operation of a motor vehicle in the second degree. He thereafter moved to suppress the physical evidence recovered from the vehicle, as well as statements that he made to the police. Following a suppression hearing, County Court denied defendant's motion. Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the third degree. In accord with the plea agreement, County Court sentenced defendant, as a second felony offender, to eight years

in prison and two years of postrelease supervision. Defendant now appeals, challenging only the denial of his suppression motion.

We affirm. Initially, we reject defendant's challenge to the validity of the traffic stop. A traffic stop is warranted when a police officer observes or reasonably suspects a violation of the Vehicle and Traffic Law (*see People v Ingle*, 36 NY2d 413 [1975]; *People v Kindred*, 100 AD3d 1038, 1039 [2012]; *People v Green*, 80 AD3d 1004, 1004-1005 [2011]). Here, according appropriate deference to County Court's determination crediting the Trooper's testimony that he observed the vehicle's front seat passenger without a seatbelt—a violation of Vehicle and Traffic Law § 1229-c (3) (*see People v Harper*, 73 AD3d 1389, 1389 [2010], *lv denied* 15 NY3d 920 [2010])—we conclude that the initial stop was proper (*see People v Green*, 80 AD3d at 1005).

Further, there was probable cause for the search of the vehicle and the brown purse found therein. Under the automobile exception to the warrant requirement, the police may search an automobile—including containers found inside—when they have arrested one of its occupants and there is " 'probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon or some means of escape' " (*People v Martin*, 50 AD3d 1169, 1170 [2008], quoting *People v Blasich*, 73 NY2d 673, 678-679 [1989]; *see People v Galak*, 81 NY2d 463, 467 [1993]; *People v Ellis*, 62 NY2d 393, 398 [1984]; *People v Belton*, 55 NY2d 49 [1982]). The search, however, need not be limited to items related to the crime for which the occupant is being arrested; it may be instituted when the circumstances provide probable cause to believe that any crime has been or is being committed (*see People v Galak*, 81 NY2d at 467; *People v Martin*, 50 AD3d at 1170).

Here, the Trooper testified that, after he initiated the traffic stop and approached the vehicle from the passenger side, he asked defendant to produce a driver's license and registration. Defendant handed the Trooper a nondriver identification card and told the Trooper that his driver's license had been suspended. The Trooper observed a large brown purse at the front passenger's feet and, when he asked the passenger for her identification, she initially began to pick up the purse, then dropped it and told the Trooper that she did not have identification. At this point, the Trooper asked the front passenger to step out of the vehicle, at which time he observed a marihuana stem on the inside of the front passenger door. When he asked the passenger to take the purse with her, she tossed it into the back seat and said that it did not belong to her. Upon inquiry,

the front passenger gave the Trooper three different names and told him that she and the other occupants of the vehicle were on their way to a relative's home in the Town of Dannemora, Clinton County.

The Trooper then checked defendant's identification and, upon discovering that he had nine license suspensions and an outstanding bench warrant, directed defendant to exit the vehicle and asked him to empty his pockets. From his pockets, defendant produced items that the Trooper described as "blunt wrappers" and a substantial amount of cash. In response to questioning, defendant told the Trooper that he and his passengers were traveling to a shopping mall, which the Trooper knew to be in the opposite direction from the direction the vehicle had been traveling. Defendant was then placed under arrest.

Next, the Trooper questioned the passenger in the back seat of the vehicle. When asked for identification, she retrieved it from a small black purse and stated that the large brown purse did not belong to her. Although she claimed that she and the other two occupants of the vehicle were going to visit a family member in the Town of Schuyler Falls, Clinton County, they were not traveling in that direction. At this point, the Trooper began his search of the vehicle by, among other things, retrieving the brown purse.

The Trooper testified that his search was prompted by his observation of the marihuana stem, the suspicious behavior of the front passenger with respect to the brown purse, the fact that none of the vehicle's occupants acknowledged ownership of such purse and the inconsistent statements made by them regarding their destination. Viewing these circumstances as an integrated whole, we conclude that the Trooper had probable cause to believe that a crime had been or was being committed, which justified a search of the vehicle, including the brown purse found therein (see People v Anderson, 104 AD3d 968, 970 [2013]). Since we find no error in the search of the vehicle, we also reject defendant's claim that the statements he made thereafter should have been suppressed as "fruit of the poisonous tree." As a result, County Court properly denied the suppression motion.

Peters, P.J., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.