## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 21, 2016          106482
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

JAMEL W. RAGHNAL,
                    Appellant.
_____


Calendar Date:   November 18, 2015

Before:  Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____


        Benjamin K. Bergman, Binghamton, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Jordan J.
Yorkle of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered February 4, 2013, convicting
defendant following a nonjury trial of the crime of criminal
possession of a weapon in the third degree

        On April 28, 2012, police observed a dark-colored Cadillac
that matched the description of a vehicle involved in a nearby
shooting that occurred two days earlier.  A license plate check
revealed that the vehicle was registered to defendant and that
there was an active warrant for his arrest.  When police observed
the vehicle depart from a curb without using a directional
signal, they effectuated a traffic stop for a violation of the
Vehicle and Traffic Law.  Defendant was asked to step out of the
vehicle and, after being identified as the registered owner, he

was placed under arrest.  Police subsequently conducted a search of the vehicle, during the course of which they discovered a revolver concealed in the trunk.

Indicted for criminal possession of a weapon in the second and third degrees, defendant moved to suppress the physical evidence recovered from the vehicle.  Following a hearing, County Court denied the motion.  Defendant thereafter waived his right to a jury trial and proceeded to a bench trial on stipulated facts, at the conclusion of which he was found guilty of criminal possession of a weapon in the third degree.  Defendant appeals, solely challenging the denial of his suppression motion.

Defendant does not dispute that the initial stop of the vehicle was proper or that probable cause existed for his arrest. His arguments are, instead, directed solely at the propriety of the search that led to the discovery of the gun.  Under the automobile exception to the Fourth Amendment search warrant requirement, police may search a vehicle "when they have arrested one of its occupants and there is probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon or some means of escape" (People v Thompson, 106 AD3d 1134, 1135 [2013] [internal quotation marks and citations omitted]; see People v Galak, 81 NY2d 463, 467 [1993]; People v Portelli, 116 AD3d 1163, 1164 [2014]).  "The search, however, need not be limited to items related to the crime for which the occupant is being arrested; it may be instituted when the circumstances provide probable cause to believe that any crime has been or is being committed" (People v Thompson, 106 AD3d at 1135 [citation omitted]; see People v Galak, 81 NY2d at 467-468; People v Martin, 50 AD3d 1169, 1170 [2008]).

After defendant was placed under arrest, an officer detected the odor of alcohol on his breath and defendant acknowledged that he had been drinking.  The officer then reapproached the vehicle, at which point he smelled alcohol emanating from inside and observed two plastic cups partially filled with a dark liquid.  He also observed, in plain view, a prescription pill bottle with a partially removed label in the cargo area of the driver side door and a green leafy substance appearing to be marihuana on the passenger side floor.  In

addition, the officer noticed that the plastic molding underneath the glove compartment area was hanging loosely and appeared to have been tampered with, and he explained that, from his experience, this was a common place to secrete contraband.  While defendant invites us to consider each relevant fact or circumstance in isolation in assessing whether the warrantless search was proper, the legal conclusion as to whether probable cause existed "is to be made after considering all of the facts and circumstances together" (People v Bigelow, 66 NY2d 417, 423 [1985]; see People v Bohacek, 95 AD3d 1592, 1593 [2012]; People v Fenger, 68 AD3d 1441, 1443 [2009]).  Viewed as an integrated whole, the aforementioned circumstances — together with the fact that the vehicle matched the description of that involved in a recent shooting — furnished probable cause to believe that contraband was in the vehicle and justified the search of all of its parts, including the trunk (see People v Thompson, 106 AD3d at 1135-1136; People v Martin, 50 AD3d at 1171; People v Dobere, 298 AD2d 770, 772 [2002]; see generally United States v Ross, 456 US 798, 820-821, 825 [1982]).

Garry, Egan Jr., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court