People v Stenson (2020 NY Slip Op 01734)





People v Stenson


2020 NY Slip Op 01734


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


23 KA 19-01452

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL STENSON, DEFENDANT-APPELLANT. 






REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered March 5, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a firearm (§ 265.01-b), defendant contends that County Court erred in refusing to suppress the handgun seized following a search of his vehicle. We affirm.
The evidence at the suppression hearing established that two police officers approached defendant's vehicle because it was parked in violation of a sign prohibiting "stopping from here to [the] corner." While the first officer spoke with defendant, the second officer used her flashlight to look inside the vehicle, where she observed what appeared to be a gun magazine protruding from under a shirt on the floor of the rear passenger side of the vehicle. When the officers returned to their vehicle, the second officer told the first officer what she had seen inside the vehicle. The officers returned to defendant's vehicle, confirmed the observation of the magazine, and asked defendant to step out of the vehicle, whereupon he was frisked. A subsequent search of the vehicle led to the discovery of a handgun under the shirt.
We conclude that the court did not err in refusing to suppress the evidence in question. Initially, the officers were permitted to approach the vehicle and speak to defendant because the vehicle was illegally parked (see generally People v Ellis, 62 NY2d 393, 396 [1984]; People v Amos, 140 AD3d 1683, 1684 [4th Dept 2016], lv denied 28 NY3d 925 [2016]; People v Semanek, 30 AD3d 547, 548 [2d Dept 2006]). Having lawfully approached defendant's vehicle, the second police officer's observation of a gun magazine in plain view inside the vehicle provided probable cause for the police to suspect that there was also a gun inside the car, justifying the subsequent search (see People v Lewis, 117 AD3d 751, 752 [2d Dept 2014], lv denied 24 NY3d 1085 [2014]; People v Johnson, 253 AD2d 677, 677 [1st Dept 1998], lv denied 92 NY2d 1050 [1999]).
We further conclude that the court did not err in crediting the police officers' testimony with respect to whether the magazine was in plain view (see generally People v Prochilo, 41 NY2d 759, 761 [1977]; People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]; People v Ramos, 122 AD3d 462, 465 [1st Dept 2014]). Although the police officers' testimony and the surveillance video of the police encounter differed with respect to how long the officers waited to take action after they first observed the gun magazine, we conclude that this discrepancy did not render the officers' testimony incredible as a matter of law because the testimony was not obviously tailored to ameliorate any constitutional concerns, nor [*2]was it "impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Grunwald, 29 AD3d 33, 36 [1st Dept 2006], lv denied 6 NY3d 848 [2006] [internal quotation marks omitted]; see People v Tyler, 166 AD3d 1556, 1556-1557 [4th Dept 2018], lv denied 32 NY3d 1179 [2019], reconsideration denied 33 NY3d 954 [2019]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court