People v Boykin (2020 NY Slip Op 07085)





People v Boykin


2020 NY Slip Op 07085


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-07019
 (Ind. No. 2904/16)

[*1]The People of the State of New York, respondent,
v
Phillip Boykin, appellant.


Paul Skip Laisure, New York, NY (Paris C. DeYoung of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y.
Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn Braun, J.), rendered May 7, 2018, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and possession of an alcoholic beverage in a motor vehicle, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress physical evidence and his statement to law enforcement officials is granted.
On October 26, 2016, the defendant was sitting in the driver's seat of his vehicle, which was parked near a fire hydrant, when New York City Police Officers Zul Chowdhury and Michael Carrieri observed a known gang member enter and exit the vehicle. The officers then approached the vehicle. Chowdhury testified at a suppression hearing that, as they approached, Chowdhury observed "two clear cups of brown liquid, alcohol" in the cup holders in the vehicle's front console and smelled an odor of alcohol emanating from the vehicle. Chowdhury asked the defendant and an individual in the front passenger seat to exit the vehicle, and they complied. Chowdhury further testified that the rear passenger side door was open and that, with the aid of a flashlight, he observed the "white top" of a prescription bottle sticking out of the pouch on the back of the front passenger seat. Chowdhury then entered the vehicle, pulled the bottle out, and observed that it was clear, with no prescription label, and had unlabeled white pills inside that Chowdhury and Carrieri identified as Oxycodone. Carrieri then began searching the vehicle for any weapons or other contraband and found a handgun inside of a closed compartment under the rug behind the driver's seat. The defendant was arrested, and later made a statement to the police regarding the gun.
The defendant was subsequently convicted, after a nonjury trial, of criminal possession of a weapon in the second and third degrees and possession of an alcoholic beverage in a motor vehicle.
The Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the gun and his statement. The officers' observations of the brown liquid in the cups in the front console and the smell emanating from the vehicle gave them probable cause to suspect a violation of Vehicle and Traffic Law § 1227, which prohibits the possession of open containers containing alcohol in a vehicle located upon a public highway, and would have justified their entry into the vehicle to seize the cups of liquid and search for additional open containers (see People v Blasich, 73 NY2d 673, 678; People v Ellis, 62 NY2d 393, 397; People v Martin, 50 AD3d 1169, 1171; People v Brooks, 23 AD3d 847, 848-849). However, since there was nothing from Officer Chowdhury's observation of the top of the prescription bottle located in the seat pocket that indicated that the bottle contained contraband, there was no justification for his removal of the bottle and detailed inspection of it and its contents or for the subsequent search of the car for weapons or other contraband. Chowdhury testified that it was only after he pulled the bottle out of the pouch and pulled upward on the top of it that he was able to see that it was unlabeled and contained what he identified as Oxycodone. Thus, contrary to the People's contention, it cannot be said that a suspected controlled substance was in plain sight (see Horton v California, 496 US 128, 136-137; People v Spinelli, 35 NY2d 77, 80). Accordingly, the weapons charges must be dismissed.
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court