People v Knight (2022 NY Slip Op 03252)





People v Knight


2022 NY Slip Op 03252


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.


2020-04550
 (Ind. No. 2868/18)

[*1]The People of the State of New York, respondent,
v
Lawrence Knight, appellant.


Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Iván B. Pantoja and Hilary Dowling of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered January 8, 2020, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (John T. Hecht, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50(5).
"'The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record'" (People v Kelly, 131 AD3d 484, 485, quoting People v Hobson, 111 AD3d 958, 959). Here, there is no support for the defendant's contention that the arresting officer's hearing testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Baez, 202 AD3d 1102, 1103).
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v Dunbar, 188 AD3d 1247, 1248; People v Blinker, 80 AD3d 619, 620). The defendant, however, "bears the ultimate burden of proving, by a preponderance of the credible evidence, that the evidence should not be used against him [or her]" (People v Thomas, 291 AD2d 462, 463; see People v Berrios, 28 NY2d 361, 367). "Under the plain view doctrine, if the sight of an object gives the police probable cause to believe that it is an instrumentality of a crime, the object may be seized without a warrant if three conditions are met: (1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (People v Diaz, 81 NY2d 106, 110; see Horton v California, 496 US 128, 136-137). Here, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a gun recovered from the defendant's vehicle. The arresting officer's observation of an open bottle of tequila, and the smell of alcohol emanating from the vehicle, gave him probable cause [*2]to suspect a violation of Vehicle and Traffic Law § 1227, which prohibits the possession of open containers containing alcohol in a vehicle located upon a public highway, and justified his entry into the vehicle to seize the open container and search for additional open containers (see People v Boykin, 188 AD3d 1244, 1245; People v Martin, 50 AD3d 1169, 1171; People v Brooks, 23 AD3d 847, 848-849). Thus, the officer was lawfully in the position to observe a loaded gun magazine in a partially open backpack located on the passenger's side floorboard and had lawful access to it (see People v Stenson, 181 AD3d 1159, 1160; People v Braham, 97 AD3d 689, 689; People v Edwards, 82 AD3d 1005, 1006). Moreover, the incriminating nature of the gun magazine was readily apparent (see People v Griffin, 188 AD3d 1701, 1705; People v Velasquez, 110 AD3d 835, 836).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is partially unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court